**Minh Duc LUU–LE, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 97–70595.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 4, 2000

Filed Aug. 3, 2000

James A. Stanton, Stanton, Clay, Tom, Chapman & Crumpton, Honolulu, Hawaii, for the petitioner.

Christine A. Bither (Argued), Department of Justice, Washington, D.C., and Elizabeth A. Welsh (On the Briefs), Senior Litigation Counsel, Office of Immigration Litigation, Department of Justice, Washington, D.C., for the respondent.

Before: WALLACE, TROTT, GOULD, Circuit Judges.

TROTT, Circuit Judge:

Minh Duc Luu–Le ("Luu–Le") petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming an Immigration Judge's ("IJ") determination that he is deportable for a conviction "relating to a controlled substance" and ineligible for discretionary relief from deportation pursuant to Immigration and Nationality Act ("INA") section 212(c). Luu–Le argues that his misdemeanor conviction for "possession of drug paraphernalia" is not a violation of a law "relating to a controlled substance," and that his inability to apply for section 212(c) relief is both wrong as a matter of law and a violation of due process and fundamental fairness. The Immigration and Naturalization Service ("INS") argues that we lack jurisdiction to hear this case pursuant to the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), specifically section 309(c)(4)(G). Pub.L. No. 104–208, 110 Stat. 3009–546, 3009–626 to –627 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104–302, 110 Stat. 3656. We conclude that we have jurisdiction to determine our jurisdiction, but that Luu–Le's conviction is indeed one "relating to a controlled substance." Thus, section 309(c)(4)(G) precludes us from reviewing the BIA's determination that Luu–Le is ineligible for 212(c) relief, and we therefore DISMISS Luu–Le's petition.

## Background

Luu–Le is an alien with lawful permanent resident status. Luu–Le's deportation proceedings began, at the latest, on February 1, 1993, but the BIA did not issue its final order dismissing his appeal from the IJ's decision until April 30, 1997. Luu–Le's case is therefore governed by IIRIRA's transitional rules. *See Kalaw v. INS*, 133 F.3d 1147, 1149–50 (9th Cir. 1997).

The INS first contacted Luu–Le in 1992 after learning that he had been convicted for possession of drug paraphernalia under section 13–3415 of the Arizona Criminal Code. Section 13–3415's plain language criminalizes the possession of drug paraphernalia only if that possession is accompanied by the use, or the intended use, of the paraphernalia for a drug-related purpose. Ariz. Rev. Stat § 13–3415(A) (2000).

The INS subsequently charged Luu–Le as being deportable under INA section 241(a)(2)(B)(i), which classifies as deportable

[a]ny alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21), other than a single offense involving possession for one's own use of 30 grams or less of marijuana.

8 U.S.C. § 1251(a)(2)(B)(i) (now recodified as 8 U.S.C. § 1227(a)(2)(B)(i) (1999)). Applying INA section 241(a)(2)(B)(i), the IJ determined that Luu–Le was deportable because of his state law conviction for possession of drug paraphernalia. The IJ also concluded that Luu–Le was not eligible for a discretionary waiver of deportation under INA section 212(c) because section 440(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") had amended section 212(c) specifically to make ineligible for such relief "an[y] alien who is deportable by reason of having committed any criminal offense covered in section 241(a)(2)(A)(iii), (B), (C), or (D)." 8 U.S.C. § 1182(c). The BIA dismissed Luu–Le's appeal from the IJ's decision, affirming that Luu–Le's conviction was covered by INA section 241(a)(2)(B)(i) and that he was ineligible for INA section 212(c) relief because of the effect of AEDPA section 440(d).

Luu–Le raises two issues in his petition for review of the BIA decision: (1) whether his conviction is covered by INA section 241(a)(2)(B)(i), and (2) whether he should have been allowed to apply for INA section 212(c) discretionary relief from deportation. The latter of the two issues he frames not only in terms of legal error, but also as a violation of due process and fundamental fairness. The INS counters Luu–Le's arguments by pointing the court to IIRIRA section 309(c)(4)(G), a transitional rule which removes jurisdiction from this court for any appeal from a final order of deportation "in the case of an alien who is . . . deportable by reason of having committed a criminal offense covered in . . . section 241(a)(2)(A)(iii), (B), (C), or (D) of the [INA] (as in effect as of the date of [IIRIRA's enactment])." IIRIRA § 309(c)(4)(G).

## Discussion

### A. Standard of Review

■ We determine our own jurisdiction de novo. *Milne v. Hillblom,* 165 F.3d 733, 735 (9th Cir.1999). Whether a particular conviction is a deportable offense is a question of law we review de novo. *Coronado–Durazo v. INS,* 123 F.3d 1322, 1324 (9th Cir.1997). In the course of our de novo review, where we are interpreting a statute that is silent or ambiguous regarding an issue, we grant a degree of deference to the interpretation of an administrative agency charged with implementing the statute or provision in question when the agency's interpretation is a "permissible construction of the statute." *See Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 843, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984); *Coronado–Durazo,* 123 F.3d at 1324.

### B. Analysis

■ IIRIRA section 309(c)(4)(G) removes this court's jurisdiction to consider Luu–Le's petition if he is deportable by reason of having committed a criminal offense covered by INA section 241(a)(2)(B)(i). We have jurisdiction to consider this jurisdictional question. *See Aragon–Ayon v. INS,* 206 F.3d 847, 849 (9th Cir.2000). Because one of the issues raised by Luu–Le's petition is whether his conviction for possession of drug paraphernalia under section 13–3415 of the Arizona Criminal Code is a conviction under a law "relating to a controlled substance," and thus whether he is deportable at all, "the jurisdictional question and the merits collapse into one" in this regard. *Ye v. INS,* 214 F.3d 1128, 1131 (9th Cir.2000).

■ The "jurisdictional fact" question we must answer is whether Luu–Le's conviction for possession of drug paraphernalia under section 13–3415 of the Arizona Criminal Code is a conviction for a violation of a "law . . . relating to a controlled substance." *See* INA § 241(a)(2)(B)(i). Whether section 13–3415, or any other statute criminalizing possession of drug paraphernalia, is a "law . . . relating to a controlled substance" is a question of first impression for the federal courts. To answer this question, we must look to the language of the law itself. We believe that a plain reading of both INA section 241(a)(2)(B)(i) and section 13–3415 of the Arizona Criminal Code demonstrates that Luu–Le's conviction for possession of drug paraphernalia under section 13–3415 falls within the scope of section 241(a)(2)(B)(i). Thus, IIRIRA section 309(c)(4)(G) removes our jurisdiction to consider Luu–Le's petition for review.[1]

---

1. Simply because Luu–Le has framed his argument in the constitutional terms of "due process" and "fundamental fairness" in this direct appeal does not mean that we have a basis for jurisdiction independent of section 309(c)(4)(G)'s removal of such jurisdiction.

*See Alfaro–Reyes v. INS,* 224 F.3d 916 (9th Cir.2000); *cf. Flores–Miramontes v. INS,* 212 F.3d 1133, 1135–36 (9th Cir.2000) (reaching the same conclusion with regards to the jurisdiction-stripping effect of 8 U.S.C. § 1252(a)(2)(C)).

Section 13–3415 is titled "Possession, Manufacture, Delivery and Advertisement of Drug Paraphernalia" and makes it

> unlawful for any person to use, or to possess with intent to use, drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale or otherwise introduce into the human body a drug in violation of this chapter.

Ariz.Rev.Stat. § 13–3415(A). "Drug paraphernalia" is

> all equipment, products and materials of any kind which are used, intended for use or designed for use in planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, concealing, injecting, ingesting, inhaling or otherwise introducing into the human body a drug in violation of this chapter.

*Id.* § 13–3415(F)(2). As used in section 13–3415, "drug" means "any narcotic drug, dangerous drug, marijuana or peyote." *Id.* § 13–3415(F)(1). A "controlled substance," as defined in INA section 241(a)(2)(B)(i), is

> a drug or other substance, or immediate precursor, included in schedule I, II, III, IV, or V of part B of this subchapter. The term does not include distilled spirits, wine, malt beverages, or tobacco, as those terms are defined or used in subtitle E of the Internal Revenue Code of 1986.

21 U.S.C. § 802(6) (1999). The schedules mentioned in 21 U.S.C. § 802(6) and, through incorporation, INA section 241(a)(2)(B)(i), include marijuana and peyote and a full panoply of other narcotic and dangerous drugs, including heroin, lysergic acid diethylamide (LSD), and cocaine. *See* 21 U.S.C. § 812(c).

Although the definition of "drug" as used in section 13–3415 does not map perfectly the definition of "controlled substance" as used in INA section 241(a)(2)(B)(i), in our opinion section 13–3415 is clearly a law "relating to" a controlled substance. Section 13–3415 is plainly intended to criminalize behavior involving the production or use of drugs—at least some of which are also covered by the federal schedules of controlled substances as printed in 21 U.S.C. § 812(c)—through focusing on "drug paraphernalia." The statute makes abundantly clear that an object is not drug paraphernalia unless it is in some way linked to drugs. In addition to subsections 13–3415(A) and 13–3415(F)(2), which respectively define the offense and the term "drug paraphernalia," subsection 13–3415(E) lists fourteen factors that a court "shall consider, in addition to all other logically relevant factors," in determining whether an object is drug paraphernalia. These factors include statements by the owner or person in control of the object, the proximity of the object to drugs, the existence of any drug residue on the object, direct or circumstantial evidence of the owner or user's intent and knowledge, and the existence and scope of legitimate uses for the object in the community. *See* Ariz.Rev.Stat. § 13–3415(E)(1), (4)-(6), (13). Thus, we reject Luu-Le's suggestion that section 13–3415 does not necessarily relate to a controlled substance because it criminalizes the non-drug-related use of an object potentially characterized as "drug paraphernalia," such as a spoon or balloon. The language of subsections 13–3415(A), (E), and (F)(2) refutes this contention.

After taking into consideration the language of section 13–3415, it is important to note that we have construed the "relating to" language broadly in the past. *See, e.g., Johnson v. INS,* 971 F.2d 340, 342–43 (9th Cir.1992) (deportable for guilty plea to information charging alien with "travel[ing] in interstate commerce ... with the intention of distributing the proceeds derived from the unlawful distribution of narcotics and controlled substances...."); *Londono-Gomez v. INS,* 699 F.2d 475, 476–77

(9th Cir.1983) (deportable for conviction of aiding and abetting the distribution of cocaine because the law "makes punishable as a principal one who aids or abets another in the commission of a substantive offense"); *see also Forstner v. INS,* 579 F.2d 506, 507 (9th Cir.1978) (noting that "relating to" language should be given broad scope).

We recognize that the phrase "relating to," although broadly worded, does have some limits. However, we believe the cases that held that specific convictions fell outside the boundaries of "relating to" are distinguishable from Luu–Le's case. We have limited the scope of the "relating to" language where to read it broadly would render meaningless other words in the statutory language. *See, e.g., Leyva–Licea v. INS,* 187 F.3d 1147, 1149–50 (9th Cir. 1999) (solicitation to possess marijuana for sale not a crime relating to controlled substance where conspiracy and attempt are the only two inchoate crimes listed in INA section 241(a)(2)(B)(i)); *Coronado–Durazo,* 123 F.3d at 1325–26 (same rationale as *Leyva–Licea,* but with regards to solicitation to possess cocaine). Other courts have found convictions to fall outside the bounds of the "relating to" language where the conviction itself had nothing to do with controlled substances, although the underlying conduct clearly did. *See Castaneda de Esper v. INS,* 557 F.2d 79, 84 (6th Cir.1977) (misprision of felony not deportable conviction because "[p]etitioner pled guilty to misprision of felony, not to commission of the underlying conspiracy [to possess heroin that] she concealed"); *In re Carrillo,* 16 I. & N. Dec. 625, 626–27 (BIA 1978) (conviction for possession of a firearm during commission of felony not deportable offense "notwithstanding the fact that the underlying felony may, in a partic-

ular case, be a narcotic-related offense"); *In re Velasco,* 16 I. & N. Dec. 281 (BIA 1977) (same as *Castaneda,* except felony underlying misprision was "possession of marihuana with intent to distribute").[2] Luu–Le's case does not involve an inchoate crime, and he was convicted of violating a law that, by its own terms, relates to controlled substances.

When the breadth of the phrase "relating to" is taken into consideration, there can be no other conclusion than that section 13–3415 is a law relating to a controlled substance, and that Luu–Le was convicted under that law. Because Luu–Le was convicted of violating a law that relates to controlled substances, IIRIRA section 309(c)(4)(G) removes our jurisdiction to consider his petition for review and his argument that he is eligible for section 212(c) relief from deportation pursuant to our decision in *Magana–Pizano v. INS,* 200 F.3d 603, 610–11 (9th Cir.1999). Section 309(c)(4)(G) removes our jurisdiction entirely; thus, we cannot address Luu Le's due process and fundamental fairness argument. *See Alfaro–Reyes v. INS,* 224 F.3d 916 (9th Cir.2000). The petition for review is DISMISSED.

---

2. *Londono–Gomez, Forstner, Castaneda de Esper* and *Carrillo* involved statutory language in effect prior to current section 241(a)(2)(B)(i). *See Londono–Gomez,* 699 F.2d at 476 & n. 1; *Forstner,* 579 F.2d at 507; *Castaneda de Esper,* 557 F.2d at 80; *Carrillo,* 16 I. & N. Dec. at 627. This predecessor language made deportable any alien who

"has been convicted of a violation of, or a conspiracy to violate, any law or regulation relating to the illicit possession of or traffic in narcotic drugs or marijuana." INA § 241(a)(11), 8 U.S.C. § 1251(a)(11) (transferred to 8 U.S.C. § 1227 by Pub.L. 104–208, 110 Stat. 3009–598, § 305(a)(2) (Sept. 30, 1996)).