**Tarek Eid HABCHY, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 97–70714.**

**I & NS No. A42 612 271.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 3, 2001.

Decided May 3, 2001.

Before FERGUSON, SILVERMAN, Circuit Judges, and BREYER,* District Judge.

---

* Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

## MEMORANDUM **

Tarek Eid Habchy, a citizen of Lebanon with lawful permanent resident status, pled guilty to conspiracy to possess hashish with the intent to distribute in violation of 21 U.S.C. §§ 846 and 841(a). He petitions for review of the Board of Immigration Appeals (BIA) decision denying his request for withholding of deportation. We deny the request for lack of jurisdiction.

The Ninth Circuit has "jurisdiction to determine [its] jurisdiction." *Luu–Le v. INS*, 224 F.3d 911, 913 (9th Cir.2000). In 1996, the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) changed the rules regarding federal court jurisdiction of certain BIA decisions, effectively blocking many avenues of judicial review and giving the BIA final jurisdiction in most INS deportation cases. *Kalaw v. INS*, 133 F.3d 1147, 1149 (9th Cir. 1997). Application of IIRIRA is date-dependent. "Immigration proceedings initiated by the INS before IIRIRA's general effective date of April 1, 1997, in which a final deportation or exclusion order was filed after October 30, 1996, are governed by interim transitional rules." *Magana–Pizano v. INS*, 200 F.3d 603, 607 (9th Cir.1999). A deportation proceeding is commenced when an OSC is filed. 8 C.F.R. § 240.40. A final order can occur when the BIA dismisses an appeal from an order issued by an Immigration Judge (IJ). 8 C.F.R. § 241.31.

The proceedings against Habchy began when the INS issued an OSC on September 20, 1995. A final order was filed when the BIA denied Habchy's appeal from the IJ's order denying the withholding of deportation on May 23, 1997. This places Habchy inside the IIRIRA transitional window. *Luu–Le*, 224 F.3d at 913; *Kalaw*, 133 F.3d at 1150.

The transitional IIRIRA rule applicable to this case is § 309(c)(4)(G), which provides: "there shall be no appeal permitted in the case of an alien who is ... deportable by reason of having committed an offense covered in ... section 241(a)(2)(A)(iii), (B), (C), or (D) of the Immigration and Nationality Act."[1] Habchy was found deportable under INA §§ 241(a)(2)(A)(iii) and (B)(i); therefore, this Court does not have jurisdiction over Habchy's case.

## PETITION FOR REVIEW DENIED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. IIRIRA § 309(c)(4)(G) is found in the historical notes at 8 U.S.C. § 1101.