**Raymundo CASTRO–TALAVERA, et al., Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 01–71956.
INS Nos. A73–442–801, A73–442–802, A73–442–803.

United States Court of Appeals, Ninth Circuit.

Submitted March 5, 2003.*

Decided March 10, 2003.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before REINHARDT, W. FLETCHER and GOULD, Circuit Judges.

### MEMORANDUM**

Raymundo Castro–Talavera, Maria Teresa Castro–Zapata, and Jonathan Castro–Zapata ("the Petitioners"), natives and citizens of Mexico, petition for review of a decision of the Board of Immigration Appeals ("BIA") upholding an Immigration Judge's ("IJ") discretionary determination finding them ineligible for suspension of deportation pursuant to former section 244(a)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1254(a)(1) (1994) (repealed). The Petitioners also seek review on the ground that the IJ conducted the hearing in a manner that violated their right to due process. Finally, the Petitioners request attorneys' fees pursuant to 28 U.S.C. § 2412(b). For the reasons set forth, we deny the petition.

Jurisdiction in this case falls under the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104–208, 110 Stat. 3009–546 (1996) ("IIRIRA"), because (1) immigration proceedings were initiated before IIRIRA's effective date of April 1, 1997 and (2) the BIA's final order of deportation was issued after October 30, 1996. See Kalaw v. INS, 133 F.3d 1147, 1150 (9th Cir.1997).

■ Under IIRIRA's transitional rules, "there shall be no appeal of any discretionary decision under section 212(c), 212(h), 212(i), 244, or 245 of the Immigration and Nationality Act [sections 1182(c), 1182(h), 1182(i), 1254, or 1255 of this title] as in effect as of the date of the enactment of

this Act [Sept. 30, 1996]." IIRIRA § 309(c)(4)(E), 8 U.S.C.A. § 1101 historical and statutory notes (1999) (brackets in original). See also Kalaw, 133 F.3d at 1150–51. However, we have jurisdiction to determine whether jurisdiction exists. Luu–Le v. INS, 224 F.3d 911, 914 (9th Cir.2000). We also have jurisdiction over due process challenges. Antonio–Cruz v. INS, 147 F.3d 1129, 1130 (9th Cir.1998).

The Petitioners sought suspension of deportation under § 244 of the INA, on the ground that they would suffer "extreme hardship" if returned to Mexico. Such relief is discretionary. See 8 U.S.C. § 1254(a) (repealed). The IJ exercised his discretion when he determined that deportation would not result in "extreme hardship," basing his decision on the Petitioners' ages, health, contributions to the community, length of residence in the United States, and family ties in the United States and Mexico, and also on his finding that while economic opportunities and sanitary systems in the United States are superior to those in Mexico, conditions in Mexico are not so poor as to result in "extreme hardship" if the Petitioners were to return. Accordingly, we lack jurisdiction over the discretionary determination of ineligibility for suspension of deportation. Kalaw, 133 F.3d at 1150.

■ As to the Petitioners' constitutional argument, over which we do have jurisdiction, there simply was no showing of a due process violation. In Colmenar v. INS, 210 F.3d 967, 971 (9th Cir.2000), we held that a Board decision violates due process "if the proceeding was 'so fundamentally unfair that the alien was prevented from reasonably presenting his case.'" Here, the Petitioners argue that the proceeding

was unfair because of the IJ's response to Mr. Castro–Talavera's assertion that the Mexican government would confiscate his car if he took it across the border. The IJ questioned Mr. Castro–Talavera, counsel on both sides, and two of the Petitioners' witnesses about that claim. The questioning was a reasonable effort to assess the plausibility of Mr. Castro–Talavera's assertion, and it did not prevent the Petitioners from reasonably presenting their case. There is no due process prohibition against the IJ asking questions of a petitioner. *See Antonio–Cruz,* 147 F.3d at 1131.

The Petitioners have requested attorneys' fees pursuant to 28 U.S.C. § 2412(b). Because the Petitioners are not the prevailing party, that request is denied.

PETITION FOR REVIEW DENIED.

[*] This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.