Orlando DUARTE–ARZATE,
Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 02–73994.
Agency No. A73–809–667.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 4, 2004.

Decided June 4, 2004.

---

Gary H. Manulkin, Esq., Manulkin & Glaser, Fountain Valley, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Margaret Perry, Esq., Anh–Thu P. Mai, U.S. Department of Justice, Washington, DC, for Respondent.

Before KOZINSKI, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

### MEMORANDUM *

Orlando Duarte–Arzate ("Duarte") petitions for review of the Board of Immigration Appeal's ("BIA's") summary affirmance of the Immigration Judge's ("IJ's") decision denying his application for suspension of deportation. Because the BIA affirmed the IJ's decision without opinion, we review the IJ's decision as the final agency determination. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). Duarte's deportation proceedings began with the issuance of an Order to Show Cause on February 19, 1997, and the BIA's deportation order issued on October 25, 2002; thus, the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), 110 Stat. 3610, apply. *See Alfaro–Reyes v. INS,* 224 F.3d 916, 920 (9th Cir.2000).

Our review is limited to the "'jurisdictional fact' question" of whether Duarte is deportable for having committed a criminal offense covered by 8 U.S.C. § 1227(a)(2) (formerly § 1251(a)(2)). *See Luu–Le v. INS,* 224 F.3d 911, 914 (9th Cir.2000). Duarte pleaded guilty in 1988 to the unlawful possession of heroin for

sale and the purchase of heroin for purposes of sale in violation of Cal. Health & Safety Code § 11351. His plea renders him deportable as an "aggravated felon" under § 1227(a)(2)(A)(iii) (formerly § 1251(a)(2)(A)(iii)) and as a "controlled substance" violator under § 1227(a)(2)(B)(i) (formerly § 1251(a)(2)(B)). We therefore lack jurisdiction to review the BIA's final order of deportation. *See* IIRIRA § 309(c)(4)(G); *Magana–Pizano v. INS,* 200 F.3d 603, 607 (9th Cir.1999); *see also Aragon–Ayon v. INS,* 206 F.3d 847, 853 (9th Cir.2000).

The petition for review is DISMISSED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.