**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 13 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FERNANDO GONZALEZ NERIS and JUANA MARIA MANJARREZ QUINTERO, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, JR., Attorney General, <br><br> Respondent. | No. 05-73739 <br><br> Agency Nos.  A079-592-800 <br> A079-502-801 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 9, 2010
San Francisco, California

Before: GRABER, CALLAHAN, and BEA, Circuit Judges.

Fernando Gonzalez Neris and Juana Manjarrez Quintero (collectively,

"Petitioners") petition for review of the Board of Immigration Appeals' ("BIA")

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

decision denying their motion to reopen their removal proceedings. We have

jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

**1.** We determine our own jurisdiction de novo. *Luu-Le v. INS*, 224 F.3d

911, 914 (9th Cir. 2000). The BIA may grant a motion to reopen where the

movant offers new, material evidence that could not have been discovered or

presented at the former hearing. *See* 8 C.F.R. § 1003.2(c)(1). These requirements

of 8 C.F.R. § 1003.2(c)(1) are judicially reviewable. *See Kucana v. Holder*, 130 S.

Ct. 827, 838-39 (2010); *Fernandez v. Gonzales*, 439 F.3d 592, 601-03 (9th Cir.

2006). Here, we have jurisdiction to review the BIA's denial of a motion to reopen

because the BIA denied Petitioners' motion to reopen for failure to satisfy 8 C.F.R.

§ 1003.2(c)(1). *Id*.

**2.** The BIA may grant a motion to reopen where it presents material

evidence that "was not available and could not have been discovered or presented

at the former hearing." *INS v. Abudu*, 485 U.S. 94, 98 n.2 (1988); 8 C.F.R. §

1003.2(c)(1). We review the BIA's denial of a motion to reopen for an abuse of

discretion. *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008). Here, each of

Petitioners' three supporting pieces of evidence could have been discovered and

presented at their initial removal hearing. First, Petitioners' medical report stating

that their son's asthma and anemia "interact synergistically" against him re-

characterizes his preexisting medical conditions, which were before the IJ and BIA in the former proceeding. *Cf. Sida v. INS*, 665 F.2d 851, 853 (9th Cir. 1981). Second, Petitioners' medical report concerning their daughter reiterates her prior asthma diagnosis and history of childhood anemia and pneumonia, all of which were presented in the former proceeding. Finally, Petitioners' declaration in support of their motion to reopen is substantially similar to their declaration supporting their original cancellation application. We conclude that the BIA did not abuse its discretion in denying the motion to reopen.

Accordingly, the petition for review is **DENIED**.