**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ELIZABETH ZABALA CADA; RAYMUNDO R. CADA; JEREMY JOHN CADA; APRIL ROSE CADA, | No. 09-70454 |
| Petitioners, | Agency Nos. A072-120-911 A073-401-565 A073-401-566 A073-401-567 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 11, 2011[**]

Before: THOMAS, SILVERMAN, and CLIFTON, Circuit Judges.

Elizabeth Zabala Cada, her husband Raymundo R. Cada, and their two

children petition for review of the Board of Immigration Appeals' ("BIA") order

dismissing Cada's appeal from an immigration judge's ("IJ") order denying her

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

application for asylum, withholding of removal, relief under the Convention

Against Torture ("CAT"), and cancellation of removal. We have jurisdiction

pursuant to 8 U.S.C. § 1252. When the Board adopts and affirms the IJ's decision

and adds its own reasons, we review both decisions. *See Nuru v. Gonzales*, 404

F.3d 1207, 1215 (9th Cir. 2005). Reviewing jurisdictional questions de novo, *Luu-*

*Le v. INS*, 224 F.3d 911, 914 (9th Cir. 2000), and findings of fact for substantial

evidence, *Zhang v. Gonzales*, 408 F.3d 1239, 1244 (9th Cir. 2005), we deny in part

and dismiss in part the petition for review.

The agency's determination that Cada did not suffer past persecution is

supported by substantial evidence. *See Gu v. Gonzales*, 454 F.3d 1014, 1020-21

(9th Cir. 2006) (holding that one detention, beating, and interrogation, which did

not require medical treatment or result in adverse employment consequences, did

not constitute past persecution); *Prasad v. INS*, 47 F.3d 336, 339 (9th Cir. 1995)

(holding that one detention, beating, and interrogation, when no medical treatment

was required and it appeared the Fijian government had no continuing interest in

petitioner, did not constitute past persecution). Additionally, the agency's

determination that Cada did not establish a well-founded fear of future persecution

is supported by substantial evidence. Cada failed to "adduc[e] credible, direct, and

specific evidence in the record of facts that would support a reasonable fear of

2

persecution." *Gu*, 454 F.3d at 1019 (internal quotation marks and citations omitted); *see also id.* at 1022; *Prasad*, 47 F.3d at 339.

Because Cada failed to establish eligibility for asylum, "it follows that [she] cannot meet the more stringent standard of withholding of" removal. *Prasad*, 47 F.3d at 340. Similarly, substantial evidence supports the agency's denial of relief under CAT, because Cada has not presented evidence that shows she will more likely than not be tortured if removed to the Philippines. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005).

Finally, regarding Cada's cancellation of removal claim, this court lacks jurisdiction to review the agency's discretionary determination as to whether her removal would result in exceptional and extremely unusual hardship to her father. *Romero-Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**