**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA DE LOURDES SANTANA SANTANA, AKA Yecica Santana, Petitioner, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 12-70997 Agency No. A089-380-464 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 6, 2014[**]
Seattle, Washington

Before: PAEZ, BYBEE, and CALLAHAN, Circuit Judges.

Petitioner-Appellant Maria De Lourdes Santana Santana ("Santana") seeks

review of the Immigration Judge's ("IJ's") and the Board of Immigration

Appeals's ("BIA's") termination of her removal proceedings and the Department

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of Homeland Security's ("DHS's") March 30, 2012 reinstatement of her 2004 expedited removal order. She alleges that both resulted in violations of her due process rights. We deny relief.[1]

We review questions of law de novo, including questions pertaining to the violation of an alien's due process rights and our own jurisdiction. *Hamazaspyan v. Holder*, 590 F.3d 744, 747 (9th Cir. 2009); *Luu-Le v. I.N.S.*, 224 F.3d 911, 914 (9th Cir. 2000).

**1.** Pursuant to 8 U.S.C. § 1252(a)(2)(D), this court does not have jurisdiction to review Santana's due process claims arising out of the BIA's decision affirming the termination of her formal removal proceedings. Although, § 1252 permits the court to review constitutional claims on a petition for review, "'[t]he carefully crafted congressional scheme governing review of decisions of the BIA limits this court's jurisdiction to the review of final orders of removal,''even where a constitutional claim or question of law is raised.'" *Ortiz-Alfaro v. Holder*, 694 F.3d 955, 957 (9th Cir. 2012) (quoting *Alcala v. Holder*, 563 F.3d 1009, 1013, 1016 (9th Cir. 2009)). Santana seeks review of removal proceedings that the IJ and BIA terminated; neither the IJ nor the BIA issued a final order of removal. In

---

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

2

the absence of a final order this court lacks jurisdiction to review Santana's due process claims arising out of her terminated removal proceedings. These claims are therefore dismissed.

**2.** While this court has jurisdiction to review reinstated expedited removal orders, *Villa-Anguiano v. Holder*, 727 F.3d 873, 875 (9th Cir. 2013), the court's review of such orders is "expressly limit[ed]. . . to habeas petitions alleging that the petitioner is not an alien or was never subject to an expedited removal order." *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 498 (9th Cir. 2007) (en banc); *see also Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1138–39 (9th Cir. 2008) (referencing 8 U.S.C. § 1252(e)). Here, Santana does not deny her alienage or her prior removal. Her allegations do not warrant a grant of relief.

**3.** Finally, Santana argues that the denial of counsel during the reinstatement proceedings violated her due process rights. When a petitioner claims a procedural due process violation, she "must present plausible scenarios in which the outcome of the proceedings would have been different" had a more "elaborate process" been provided. *Morales-Izquierdo*, 486 F.3d at 495 (internal quotation marks omitted). Here, in the context of reinstatement proceedings, there is no right to counsel before a DHS officer. *Tawadrus v. Ashcroft*, 364 F.3d 1099, 1103 (9th Cir. 2004); *Moralez-Izquierdo*, 486 F.3d at 497. Furthermore, Santana

3

first raised her allegations of fear of returning to Mexico on appeal but proffered no evidence of actual persecution to herself or her family. Santana failed to show that her due process rights were violated or she was prejudiced.

The petition is **DISMISSED** in part and **DENIED** in part.