**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 8 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JABER HADDAD,<br><br>        Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>        Respondent. | No.   18-72365<br><br>Agency No. A070-093-171<br><br><br>MEMORANDUM[*] |
| JABER HADDAD, AKA Jaber Ayed Haddad,<br><br>        Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>        Respondent. | No.   19-71977<br><br>Agency No. A070-093-171 |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 3, 2021[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision

Pasadena, California

Before: OWENS and LEE, Circuit Judges, and SIMON,*** District Judge.

Jaber Haddad overstayed his immigration visa and was later convicted of assault with a semi-automatic firearm. In his removal proceedings, Haddad sought protection under the Convention Against Torture (CAT). The IJ denied his claim, and he appealed to the BIA. Then things got procedurally complicated.

In an August 3, 2018 decision, the Board of Immigration Appeals (BIA) affirmed the IJ's denial. But prior to the August 3 decision, Haddad had submitted a motion to terminate, arguing that his initial Notice to Appear was defective and that the IJ had consequently lacked jurisdiction to hear his claim. The BIA thus issued an amended decision on November 30, 2018. In that decision, the BIA expressly vacated its August 3 decision, re-denied Haddad's CAT claim, and denied his new jurisdictional argument. Notably, Haddad petitioned for review of the BIA's (now-vacated) August 3 decision, but he never sought review of the November 30 decision.

Separately, Haddad filed a motion to reopen with the BIA, arguing that his counsel before the IJ had been ineffective. On July 10, 2019, the BIA issued a

---

without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

decision rejecting this argument, which Haddad appealed.

We hold that we lack jurisdiction to hear either Haddad's August 3, 2018 or November 30, 2018 decisions, and we further hold that Haddad has waived any argument related to the BIA's July 10, 2019 decision.

1. This court determines the existence of its own jurisdiction de novo. *Saavedra-Figueroa v. Holder*, 625 F.3d 621, 623–24 (9th Cir. 2010) (citing *Luu–Le v. INS*, 224 F.3d 911, 914 (9th Cir. 2000)). "In order for this court to reverse the BIA with respect to a finding of fact, the evidence must compel a different conclusion from the one reached by the BIA." *Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011).

2. In the absence of a final order of removal, this court lacks jurisdiction, even in a case where a petitioner raises a constitutional claim or question of law. *Alcala v. Holder*, 563 F.3d 1009, 1016 (9th Cir. 2009). Although the BIA's August 3 decision was final when Haddad initially appealed, "[o]nce a petition for review has been filed, federal court jurisdiction is divested [] where the BIA subsequently vacate[d] or materially changes the decision under review." *Plasencia-Ayala v. Mukasey*, 516 F.3d 738, 745 (9th Cir. 2008) *overruled on other grounds by Marmolejo-Campos v. Holder*, 558 F.3d 903 (9th Cir. 2009) (en banc).

The BIA "subsequently vacated" its August 3 decision, so under *Plasencia-Ayala*, we lack jurisdiction over that decision. *Id.* And Haddad never appealed from

3

the BIA's November 30 decision. Accordingly, we lack jurisdiction to hear either of these appeals.[1]

3.     Finally, Haddad in his brief to this court never raised any argument about his July 10 ineffective assistance of counsel claim. So he has waived any right to challenge the BIA's decision. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996).

**DENIED.**

---

[1] Haddad's claim also fails on the merits. Substantial evidence supports the BIA's denial of CAT relief, and Haddad's jurisdictional argument fails in light of *Karingithi v. Whitaker*, 913 F.3d 1158, 1160–62 (9th Cir. 2019), *cert. denied sub nom. Karingithi v. Barr*, 140 S. Ct. 1106 (2020).