Carlota **CASTANEDA DE ESPER,**
Petitioner,

v.

**IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.**

**No. 76–1237.**

United States Court of Appeals,
Sixth Circuit.

Submitted April 18, 1977.

Decided June 15, 1977.

Carlota Castaneda de Esper, pro se.

Gilberto Duarte, El Reno, Okl., for petitioner.

William W. Milligan, U. S. Atty., Anthony W. Nyktas, Cincinnati, Ohio, James P. Morris, Philip Wilens, Robert Kendall, Jr., Government Regulations and Labor Section, Federal Triangle Bldg., Washington, D. C., for respondent.

Before PHILLIPS, Chief Judge, ENGEL, Circuit Judge and RUBIN, District Judge.*

PHILLIPS, Chief Judge.

This petition for review of an order of the Board of Immigration Appeals presents the question whether a conviction for misprision of a felony[1] is a conviction for a violation of a law "relating to the illicit possession of or traffic in narcotic drugs" where the felony concealed is a conspiracy to possess heroin. The Board held that petitioner's conviction for misprision of the felony of conspiracy to possess heroin was a conviction *relating to* possession or traffic in narcotic drugs, and thus petitioner was subject to deportation pursuant to 8 U.S.C. § 1251(a)(11).[2] We disagree and vacate the Board's order of deportation.

## I.

The facts are not in dispute. Petitioner, Carlota Castaneda de Esper, a native and citizen of Mexico, was admitted to the United States as an immigrant on May 19, 1972. On April 14, 1975, the petitioner pled guilty in the United States District Court for the Western District of Texas to misprision of a felony, in violation of 18 U.S.C. § 4.[3] The felony with which she was charged and convicted of concealing was conspiracy to possess heroin.

On May 12, 1975, the Immigration and Naturalization Service issued petitioner a show cause and notice of hearing in which the Service alleged that petitioner was deportable pursuant to 8 U.S.C. § 1251(a)(11).[4] The Service charged (erroneously) that petitioner was subject to deportation because she had been convicted of "a conspiracy to violate [a] law or regulation relating to the illicit possession of heroin." At the hearing, an immigration judge determined that petitioner had not been convicted of participa-

---

* Honorable Carl B. Rubin, Judge, United States District Court for the Southern District of Ohio, sitting by designation.

1. Misprision of a felony is punishable as a federal offense pursuant to 18 U.S.C. § 4 which provides:

    **4. *Misprision of felony.*—**Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined not more than $500 or imprisoned not more than three years, or both. (June 25, 1948, c. 645, § 1, 62 Stat. 684.)

2. 8 U.S.C. § 1251(a)(11) provides:

    **1251. General classes of deportable aliens.—**(a) Any alien in the United States (including an alien crewman) shall, upon the order of the Attorney General, be deported who—

    \* \* \* \* \* \*

(11) is, or hereafter at any time after entry has been, a narcotic drug addict, or who at any time has been convicted of a violation of, or a conspiracy to violate, any law or regulation *relating to the illicit possession of or traffic in narcotic drugs or marihuana, or* who has been convicted of a violation of, or a conspiracy to violate, any law or regulation governing or controlling the taxing, manufacture, production, compounding, transportation, sale, exchange, dispensing, giving away, importation, exportation, or the possession for the purpose of the manufacture, production, compounding, transportation, sale, exchange, dispensing, giving away, importation, or exportation of opium, coca leaves, heroin, marihuana, any salt derivative or preparation of opium or coca leaves or isonipecaine or any addiction-forming or addiction-sustaining opiate; (emphasis added).

3. See note 1, *supra.*

4. See note 2, *supra.*

tion in a *conspiracy* to possess heroin, but had been convicted of *misprision* of a felony in that she concealed the knowledge of the actual commission of a conspiracy to possess heroin. The immigration judge held that conviction for misprision of the felony of conspiracy to possess heroin was itself a conviction for violation of a law "relating to" the illicit possession of heroin, and thus petitioner fell within the deportation provisions of 18 U.S.C. § 1251(a)(11).

Petitioner appealed the decision of the immigration judge to the Board of Immigration Appeals and contended before the Board as follows:

1. The evidence introduced at the deportation hearing in no way supported the charge that the Respondent had at any time been convicted of a conspiracy to violate any law.

2. The evidence introduced at the deportation proceedings in no way supported the charge that the Respondent had at any time violated any law or regulation relating to the illicit possession of heroin.

   The only evidence introduced at the deportation proceedings was that the Respondent had been convicted of a violation of 18 U.S.C. 4, which said law or regulation relates to misprision of a felony. Said law or regulation does not in itself and never has in itself related to anything but misprision of a felony.

3. Although certain prior decisions of the courts have established that a felony conviction for misprision of felony under 18 U.S.C. 4 is a crime involving moral turpitude, no court at any time has ever attempted to state that said statute is a law or regulation relating to the illicit possession of heroin, as required by the definition in Section 241(a)(11) of the Immigration and Nationality Act.

On December 22, 1975, the Board of Immigration Appeals dismissed petitioner's appeal. The Board found that petitioner had been convicted for the concealment of a felony. The felony of which the petitioner concealed her knowledge was a conspiracy to possess heroin. The Board noted that the concealed crime clearly was a violation of a law "relating to the illicit possession of [a narcotic drug]" within the meaning of 8 U.S.C. § 1251(a)(11). In accordance with its "past practice of interpreting the words 'relating to' in section [1251](a)(11) . . . to have broad coverage," the Board held that conviction for misprision of a felony was a conviction for the violation of a law *relating to* the illicit possession of narcotic drugs "when the felony referred to relates to the illicit possession of a narcotic drug." The Board concluded that petitioner was deportable pursuant to 8 U.S.C. § 1251(a)(11). Petitioner perfected this review of the Board's decision.

## II.

The issue before this court appears to be a matter of first impression. The parties have not found, nor has our research indicated, any case in which the crime of misprision of a felony has been the basis for deportation under 8 U.S.C. § 1251(a)(11). Petitioner contends that the expansive reading of 8 U.S.C. § 1251(a)(11) adopted by the Board of Immigration Appeals is not justified by either the language or the legislative history of the enactment. We agree.

The federal courts have interpreted deportation statutes narrowly. As the Supreme Court explained in *Fong Haw Tan v. Phelan*, 333 U.S. 6, 10, 68 S.Ct. 374, 376, 92 L.Ed. 433 (1948):

> . . . [D]eportation is a drastic measure and at times the equivalent of banishment or exile, [citation omitted]. It is the forfeiture for misconduct of a residence in this country. Such a forfeiture is a penalty. . . . [S]ince the stakes are considerable for the individual, we will not assume that Congress meant to trench on his freedom beyond that which is required by the narrowest of several possible meanings of the words used.

*See Aguilera-Enriquez v. Immigration & Naturalization Service*, 516 F.2d 565, 568 (6th Cir. 1975), *cert. denied*, 423 U.S. 1050,

96 S.Ct. 776, 46 L.Ed. 638 (1976); *United States v. Lehmann*, 239 F.2d 663, 666 (6th Cir. 1956).

The deportation statute here at issue was enacted as section 241(a)(11) of the Immigration and Nationality Act of 1952, and was amended by the Narcotic Control Act of 1956, Pub.L. No. 84–728, 70 Stat. 567. Prior to 1952, deportation based on illegal traffic in narcotics was controlled by the Act of February 18, 1931, Pub.L. No. 71–683, 46 Stat. 1171, which provided in pertinent part:

> That any alien * * * who, after the enactment of this Act, shall be convicted for violation of or *conspiracy to violate* any statute of the United States * * * taxing, prohibiting, or regulating the manufacture, production, compounding, transportation, sale, exchange, dispensing, giving away, importation, or exportation of * * * heroin * * * shall be taken into custody and deported in manner provided in sections 19 and 20 of the Act of February 5, 1917 * * *. (Emphasis supplied.)

When Congress enacted the comprehensive Immigration and Nationality Act of 1952, the language regarding deportation based on narcotics violations was changed substantially from that found in the 1931 Act. The reference to "conspiracy" in the 1931 Act was eliminated and the "relating to" language at issue herein was added. Section 241(a)(11) of the 1952 Act provided for deportation of any alien who:

> (11) is, or hereafter at any time after entry has been, a *narcotic drug addict*, or who at any time has been convicted of a violation of any law or regulation *relating to* the illicit traffic in narcotic drugs, or who has been convicted of a violation of any law or regulation governing or controlling the taxing, manufacture, production, compounding, transportation, sale, exchange, dispensing, giving away, importation, exportation, or the possession for the purpose of the manufacture, production, compounding, transportation, sale, exchange, dispensing, giving away, importation or exportation of opium, coca leaves, heroin, marihuana, any salt derivative or preparation of opium or coca leaves or isonipecaine or any addiction-forming or addiction-sustaining opiate. (Emphasis supplied).

After the enactment of the 1952 Act, but before the 1956 amendments, the question arose whether the language of the 1952 Act was broad enough to provide for deportation of an alien who had been convicted of a conspiracy to violate the narcotics laws. In administrative proceedings reported at 6 I & N 557 (1955), the Attorney General reversed the finding of the Board of Immigration Appeals and held that, in spite of the elimination of the "conspiracy" language in the 1952 Act, the deportation provisions of the Act were broad enough to support deportation based on a conspiracy to violate the narcotics laws. The Attorney General explained this conclusion as follows:

> The controlling phrase in section 241(a)(11) is "relating to." On its face it is broad enough to cover a conviction for conspiracy to violate the narcotic laws. Courts have construed the phrase to have broad coverage (*Bowles v. Ohio Fuel Gas Co.*, 65 F.Supp. 426 (N.D.Ohio, 1946), aff'd 158 F.2d 814 (6th Cir., 1947); *Commonwealth v. Mathues*, 210 Pa. 372, 407, 59 A. 961, 975 (1904)).
>
> *In the Matter of N——*, 6 I & N 557, 561 (1955).

Although the Attorney General in *In the Matter of N——* found the phrase "violation of any law . . . relating to . . . narcotic drugs" to be broad enough to include conspiracy, in the next year (1956) Congress amended the 1952 Act by specifically adding the phrase "or a conspiracy to violate" to the language of section 241(a)(11). Narcotic Control Act of 1956, Pub.L. No. 84–728, 70 Stat. 567.

In line with the reasoning of the Attorney General in *In the Matter of N——*, the Service contends on this appeal that conviction for misprision of the felony of conspiracy to violate the narcotics laws is a conviction for violation of a law "relating to . . . narcotic drugs," and thus deporta-

tion based on section 241(a)(11) of the 1952 Act (as amended in 1956 and codified at 8 U.S.C. § 1251(a)(11), note 2, *supra.*) is appropriate.

We have reviewed the legislative history of the Immigration and Nationality Act of 1952 and the legislative history of the Narcotics Control Act of 1956, and we have found no reference to misprision of a felony. The House Report accompanying the 1952 Act states that section 241 of the Act was intended to establish general classes of deportable aliens including:

> Aliens who have been convicted of a narcotic violation or who are narcotic-drug addicts or who hereafter become such addicts after entry; . . . . H.R. Rep.No.1365, 82d Cong., 2d Sess., *reprinted in* [1952] U.S.Code Cong. & Admin. News pp. 1653, 1716.

The Conference Report accompanying the Narcotics Control Act of 1956 states the effect of the 1956 amendments to the Immigration and Nationality Act of 1952 as follows:

> It [the Narcotics Control Act of 1956] amended section 241(a)(11) of [the Immigration and Nationality Act of 1952] by including conspiracy to violate any narcotic law, and the illicit possession of narcotics, as additional grounds for deporting any alien. Conf.Rep.No.2546, 84th Cong., 2d Sess., *reprinted in* [1956] U.S.Code Cong. & Admin.News pp. 3315, 3321.

The statute defining the federal offense of misprision of felony [18 U.S.C. § 4, note 1, *supra* ] does not by its language indicate it was contemplated to be a "narcotic law." 18 U.S.C. § 4 is not included by reference or otherwise in any chapter or section of the federal code pertaining particularly to narcotics or drugs. Historically, the crime of misprision of felony has long been a criminal offense separate and distinct from the particular felony concealed. VIII Holdsworth, A History of English Law 322–23 (1926); V Blackstone, Commentaries 119–22 (St. George Tucker, ed. 1803, reprinted 1969). Misprision of felony was introduced into the criminal code during the second session of the first Congress in 1790. Act of April 30, 1790, ch. 9, sec. 6, 1 Stat. 112, 113. Though there have been but a few reported cases dealing with prosecutions under the federal misprision statute [*see, e. g., Bratton v. United States*, 73 F.2d 795, 797 (10th Cir. 1934) (noting that the Act of April 30, 1970, "has been before the courts but twice in the 144 years of its life"); *United States v. Norman*, 391 F.2d 212 (6th Cir.), *cert. denied*, 390 U.S. 1014, 88 S.Ct. 1265, 20 L.Ed.2d 163 (1968)], it has been recognized by the courts that misprision of felony is a distinct offense from the crimes of conspiracy and accessory after the fact. In *United States v. Dye*, 508 F.2d 1226, 1237 (6th Cir. 1974), *cert. denied*, 420 U.S. 974, 95 S.Ct. 1395, 43 L.Ed.2d 653 (1975), this court held that an indictment which charged accessory after the fact and misprision of felony was not "duplicitous" because the proof necessary for conviction of each of the charges is not the same. In *United States v. Daddano*, 432 F.2d 1119, 1129 (7th Cir. 1970), *cert. denied*, 402 U.S. 905, 91 S.Ct. 1366, 28 L.Ed.2d 645 (1971), the Seventh Circuit concluded that, for the purpose of imposing cumulative penalties, the offenses of conspiracy, accessory after the fact and misprision of felony were distinct.

The cases cited by the Service in support of its argument that misprision is a crime "relating to . . . narcotic drugs" are not persuasive. In *Matter of T____ C____*, 7 I & N 100 (B.I.A.1956), the Board of Immigration Appeals found that an alien who had been convicted under section 11502 of the Health and Safety Code of California was deportable under section 241(a)(11) of the Immigration and Nationality Act of 1952. The section of the California code involved in *Matter of T____ C____* was found in the Health and Safety Code under a division entitled "Narcotics," which was part of a chapter entitled "Illegal Narcotics." The title to section 11502 was "Sale, furnishing, etc., of narcotic: Punishment." The section read:

> Every person who agrees, consents, or in any manner offers to unlawfully sell, furnish, transport, administer, or give

any narcotic to any person, or offers, arranges, or negotiates to have any narcotic unlawfully sold, delivered, transported, furnished, administered, or given to any person and then sells, delivers, furnishes, transports, administers, *or* gives, *or* offers, arranges, *or* negotiates to have sold, delivered, transported, furnished, administered, *or* given to any person *any other liquid,* substance, or material in lieu of any narcotic shall be punished by imprisonment in the county jail for not more than one year, or in the state prison for not more than 10 years.

The Board concluded that section 11502 was a law "relating to . . . narcotic drugs." The federal misprision statute, however, has none of the pertinent characteristics of the code section at issue in *Matter of T——— C———.*

Similarly, neither *Bowles v. Ohio Fuel Gas Co.,* 65 F.Supp. 426 (N.D.Ohio 1946), *aff'd* 158 F.2d 814 (6th Cir. 1947), nor *Commonwealth v. Mathues,* 210 Pa. 372, 59 A. 961 (1904), is particularly instructive in the instant case. *Bowles* dealt with the interpretation of an Executive Order which contained the phrase "relating to the Office of Economic Stabilization." The court held in *Bowles* that regulations "issued by" the Office of Economic Stabilization were regulations "relating to" the Office of Economic Stabilization and thus came within the terms of the Executive Order at issue. In *Mathues* the Pennsylvania court was called on to interpret the phrase "relating to courts" in a constitution. Neither of these cases deals with a criminal statute or deportation statute. Neither states any general rules of statutory construction which might be pertinent herein.

We conclude that misprision of felony under 18 U.S.C. § 4 is not itself a law "relating to . . . narcotic drugs." The holding of the Board that misprision of the felony of conspiracy to possess narcotics is a crime "relating to" narcotics goes beyond what Congress has described as

grounds for deportation of an alien in 8 U.S.C. § 1251(a)(11). Misprision is not conspiracy. Petitioner pled guilty to misprision of felony, not to commission of the underlying conspiracy felony she concealed.[5]

We decline to adopt an interpretation of the statute that would incorporate the conviction for misprision of felony into the underlying conspiracy which petitioner concealed, or to hold that petitioner is guilty of an offense "relating to . . . narcotic drugs." If Congress had desired to include "misprision of" narcotics laws among the grounds for deportation under 8 U.S.C. § 1251(a)(11), it could have included misprision along with conspiracy in the Narcotic Control Act of 1956.

The decision of the Board dismissing petitioner's appeal is reversed and the Board's order of deportation is vacated.

---

**5.** We find it unnecessary to reach the question raised by petitioner whether there is a constitutional objection to simultaneous convictions for misprision and for the substantive felony concealed. *See United States v. Pigott,* 455 F.2d 419 (9th Cir. 1971); *United States v. King,* 402 F.2d 694 (9th Cir. 1968).