## MATTER OF CARRILLO

### In Deportation Proceedings

### A-31073471

*Decided by Board November 28, 1978*

An alien convicted of "Unlawful Carrying of a Firearm during the Commission of a Felony" (18 U.S.C. 924(c)) is not deportable under section 241(a)(11) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(11), even though the underlying felony is the illicit possession of heroin, since 18 U.S.C. 924(c) is not "a law . . . relating to the illicit possession of a narcotic drug." *Castaneda de Esper v. INS*, 557 F.2d 79 (6 Cir. 1977) and *Matter of Velasco*, Interim Decision 2601 (BIA 1977) followed. *Matter of Chang*, Interim Decision 2550 (BIA 1977) distinguished.

CHARGES:

Order: Act of 1952—Section 241(a)(11) [8 U.S.C. 1251 (a)(11)]—Convicted of any law relating to the illicit possession of or traffic in narcotics

Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—Convicted of a crime involving moral turpitude committed within five years after entry and sentenced to confinement for a year or more

ON BEHALF OF RESPONDENT: David E. Marcus, Esquire
1221 State Street
P. O. Box 1631
El Centro, California 92243

BY: Milhollan, Chairman; Maniatis, Maguire, and Farb, Board Members. Concurring Opinion: Appleman, Board Member.

In a decision dated July 22, 1976, the immigration judge found the respondent deportable under section 241(a)(11) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(11), as an alien who had been convicted under a law relating to the illicit possession of narcotics. The respondent was found to be ineligible for any form of relief from deportation, and he was ordered deported to Mexico. He has now appealed, arguing that his conviction was not under a law relating to the illicit possession of narcotics. The appeal will be sustained.

The respondent, a native and citizen of Mexico, was admitted to the United States as a lawful permanent resident on March 12, 1971. On April 19, 1976, he was convicted in the United States District Court for the District of Arizona upon a plea of guilty to violation of 18 U.S.C. 924(c), "Unlawful Carrying of a Firearm during the Commission of a

Felony" [1], to wit, possession of heroin with intent to distribute (21 U.S.C. 841(a)(1) and (b)).

An Order to Show Cause was issued on June 23, 1976, charging the respondent with deportability under sections 241(a)(4) and 241(a)(11) of the Act, 8 U.S.C. 1251(a)(4) and 1251(a)(11). [2] At the deportation hearing on July 22, 1976, the Service trial attorney conceded (Transcript p. 14) and the immigration judge found that the Service had not met its burden of establishing that the respondent was deportable under section 241(a)(4). However, he found that, since the underlying felony upon which the respondent's conviction under 18 U.S.C. 924(c) had been based was the illicit possession of heroin, the respondent had been convicted under "a law . . . relating to the illicit possession of a narcotic drug . . . ." He therefore found that the respondent was deportable under section 241(a)(11).

In *Matter of Velasco*, Interim Decision 2601 (BIA 1977), we held that a conviction under 18 U.S.C. 4 for misprision of the felony of illicit possession of marihuana was not a conviction under a law "relating to the illicit possession of . . . narcotic drugs . . . ." Relying upon the holding of the United States Court of Appeals for the Sixth Circuit in *Castaneda de Esper* v. *INS*, 557 F.2d 79 (6 Cir. 1977), we declined to interpret a conviction for misprision to incorporate the underlying narcotic-related felony for the purposes of section 241(a)(11) of the Act. In *Castaneda de Esper* v. *INS*, supra, the court held that when a criminal statute "does not by its language indicate [that] it was contemplated to be a 'narcotic law'," and historically has constituted a "criminal offense separate and distinct from the [underlying] felony," such a statute is not a "law relating to . . . narcotic drugs . . . ."

The respondent was convicted under 18 U.S.C. 924(c) for the unlawful carrying of a firearm during the commission of a felony. Like the misprision statute involved in *Castaneda de Esper* v. *INS*, supra, and *Matter of Velasco*, supra, 18 U.S.C. 924(c) is not by its terms a "narcotic law." *Castaneda de Esper*, supra, at 8. Rather, a conviction under 18 U.S.C. 924(c) may be based upon *any* underlying felonious act. [3] Simi-

---

[1] 18 U.S.C. 924(c) states, in pertinent part: "Whoever— (1) uses a firearm to commit any felony for which he may be prosecuted in a court of the United States, or (2) carries a firearm unlawfully during the commission of any felony for which he may be prosecuted in a court of the United States shall . . . be sentenced to a term of imprisonment for not less than one year nor more than ten years."

[2] Under section 241(a)(4), an alien is deportable who is convicted of a crime involving moral turpitude committed within five years after entry and who is sentenced to confinement for a year or more. Under section 241(a)(11), in pertinent part, an alien is deportable who has been convicted of a violation of "any law . . . relating to the illicit possession of . . . narcotic drugs . . . ."

[3] *Cf. Matter of Chang*, Interim Decision 2550 (BIA 1977), where we held that, since 21 U.S.C. 843(b) (unlawful use of a communication facility to facilitate the commission of a

larly, possession of a firearm during the commission of a felony is an offense separate and distinct from the underlying felony. *United States v. Williams*, 523 F.2d 1203 (5 Cir. 1975); *United States v. Ramirez*, 482 F.2d 807 (2 Cir.), *cert. denied*, 414 U.S. 1070 (1973). Therefore, notwithstanding the fact that the underlying felony may, in a particular case, be a narcotic-related offense, we find that 18 U.S.C. 924(c) itself is not a "law relating to the illicit possession of . . . narcotic drugs . . . ." Accordingly, the respondent's conviction under that statute does not give rise to his deportability under section 241(a)(11) of the Immigration and Nationality Act. The appeal will be sustained, and the proceedings will be terminated.

ORDER: The appeal is sustained, and the proceedings are terminated.

CONCURRING OPINION: Irving A. Appleman, Board Member.

I am in agreement with the majority opinion with respect to the narcotics charge. The charge based on conviction of a crime involving moral turpitude was not sustained by the immigration judge and no cross appeal was filed by the Service to preserve the charge. However, were that charge before us, I would be disposed to question the summary disposition given it by the immigration judge.

This alien was convicted under 18 U.S.C. 924(c) of unlawful carrying of a firearm during commission of a felony "as charged in Count 3 of the Indictment." Count 3 of the indictment charged the violation occurred during "commission of the offense of possessing with intent to distribute heroin." This type of statute and conviction might reasonably seem to require an examination of the felony for which the firearm was being carried—not for purposes of the narcotics charge, for the reasons noted in the majority decision, but to determine the turpitudinous or nonturpitudinous nature of the principal offense. *See U.S. ex rel. Zaffarano v. Corsi*, 63 F.2d 757 (2 Cir. 1933); *U.S. ex rel. Robinson v. Day*, 51 F.2d 1022 (2 Cir. 1931); *Bisaillon v. Hogan*, 257 F.2d 435, 437 (9 Cir.), *cert. denied*, 358 U.S. 872 (1958); *Matter of S—*, 2 I. & N. Dec. 559, 570 (A.G. 1947) (manslaughter); *Matter of R—*, 1 I. & N. Dec. 540 (BIA 1943) (burglary 3d degree); *Matter of R—P—*, 4 I. & N. Dec. 607 (BIA 1952) (contributing to the delinquency of a minor); *Matter of W—*, 4 I. & N. Dec. 241 (BIA 1951) (unlawful entry of a building); *Matter of N—*, 8 I. & N. Dec. 466 (BIA 1959) (malicious mischief); *Matter of*

---

felony) makes *specific and exclusive* reference to subsections I and II of the Comprehensive Drug Abuse Prevention and Control Act, Pub. L. 91–513, Title II §101, 84 Stat. 1242 (1970), a conviction under that statute constitutes a conviction within the ambit of section 212(a)(23) of the Immigration and Nationality Act.

*McNaughton*, Interim Decision 2663 (BIA 1978) (conspiracy); *cf. Matter of Sloan*, 12 I. & N. Dec. 840 (BIA 1966, A.G. 1968) ("variant" rule).

Since the issue is not before us it needs neither elaboration nor resolution at this time.