United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 27, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

NO. 03-60029
_____

RAMON ANTHONY PETERS,

Petitioner,

versus

JOHN ASHCROFT,
United States Attorney General,

Respondent.

---

Petition for Review of an
Order of the Board of Immigration Appeals

---

Before JOLLY, JONES, and BARKSDALE, Circuit Judges.

EDITH H. JONES, Circuit Judge:

According to the Government, Ramon Peters, a lawful permanent resident alien, became deportable because of his conviction for felony solicitation to transport marijuana for sale under Arizona law. Because we agree that Peters violated a law "relating to" a controlled substance, he was removable under 8 U.S.C. § 1227(a)(2)(B)(i). Accordingly, we lack jurisdiction and dismiss this petition.

## I.  BACKGROUND

Ramon Anthony Peters, a native and citizen of Jamaica, was admitted to the United States in July 1993 as a nonimmigrant

visitor, but he soon adjusted his status to that of a lawful permanent resident. On May 22, 2000, Peters was convicted in Arizona state court for felony solicitation to transport marijuana for sale and was sentenced to four years' probation. The Immigration and Naturalization Service ("INS")[1] initiated removal proceedings against Peters under 8 U.S.C. § 1227(a)(2)(A)(iii), rendering deportable "[a]ny alien who is convicted of an aggravated felony at any time after admission." 8 U.S.C. § 1227(a)(2)(A)(iii) (2000). After being denied bond by an immigration judge, Peters appealed to the Board of Immigration Appeals ("BIA"), and the BIA reversed because it did not consider Peters's prior conviction an aggravated felony. INS then withdrew the aggravated felony charge and filed a new deportation charge against Peters as an

> . . . alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21), other than a single offense involving possession for one's own use of 30 grams or less of marijuana . . . .

8 U.S.C. § 1227(a)(2)(B)(i) (2000).

Peters moved to terminate the removal proceedings based on the Ninth Circuit's decision that a conviction for solicitation to possess cocaine under Arizona law did not render an alien

---

[1] All references to the INS refer to the organization now known as the Bureau of Immigration and Customs Enforcement ("BICE"). As of March 1, 2003, the INS's administrative, service, and enforcement functions were transferred from the Department of Justice to the new Department of Homeland Security ("DHS"). Within the Department of Homeland Security, BICE assumed the INS's detention, removal, enforcement and investigative functions.

removable under § 1227(a)(2)(B)(i). See Coronado-Durazo v. INS, 123 F.3d 1322, 1326 (9th Cir. 1997). Peters's proceedings, however, occurred in Oakdale, Louisiana, in the Fifth Circuit, and the immigration judge refused to be bound by Ninth Circuit precedent. Instead, the immigration judge applied a BIA decision contrary to Coronado-Durazo. See Matter of Beltran, 20 I. & N. Dec. 521, 528 (BIA 1992). On appeal to the BIA, Peters again relied on the Ninth Circuit opinion and also contended that the BIA's earlier decision in his bond proceeding barred his deportation based on res judicata principles. The BIA rejected Peters's arguments. He has appealed the resulting removal order.

## II. DISCUSSION

Notwithstanding the limited scope of judicial review of deportation orders authorized by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, PUB. L. NO. 104-208, 110 STAT. 3009-546 ("IIRIRA"), this court retains jurisdiction to review facts concerning our jurisdiction. Lopez-Elias v. Reno, 209 F.3d 788, 791 (5th Cir. 2000). Specifically, we have jurisdiction to determine whether the petitioner is an alien who is deportable for committing an offense that bars this court's review. Smalley v. Ashcroft, 354 F.3d 332, 335 (5th Cir. 2003) (citing Nehme v. INS, 252 F.3d 415, 420 (5th Cir. 2001)). If he is, then we lack jurisdiction to consider other issues.

Our jurisdiction here turns on whether Peters's Arizona

3

conviction for solicitation to transport marijuana for sale

constitutes

> a violation of (or a conspiracy or attempt to violate)
> any law or regulation of a State, the United States, or
> a foreign country relating to a controlled substance
> . . . .

8 U.S.C. § 1227(a)(2)(B)(i).[2]  There are three components to this

determination:  whether Peters's Arizona conviction constitutes a

violation of a law "relating to a controlled substance"; whether

the Ninth Circuit's interpretation of the interplay of the federal

and state statutes in Coronado-Durazo is correct; and whether a

---

[2]    Peters makes additional arguments that do not directly involve this statute's interpretation.  First, Peters argues that the BIA is collaterally estopped from finding him removable based upon its prior decision that he was not convicted of an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii).  This argument lacks merit.  The current removal proceeding pending against Peters is based on a wholly separate provision — 8 U.S.C. § 1227(a)(2)(B)(i) — relating to prior drug-related offenses.  Therefore, the BIA's prior decision has no res judicata effect on the current removal proceeding.

Second, Peters argues that because the BIA looks to the convicting jurisdiction's law to determine whether an underlying offense qualifies as a predicate offense for deportation, the Ninth Circuit's decision in Coronado-Durazo v. INS, 123 F.3d 1322 (9th Cir. 1997), should be binding upon the BIA. This argument also lacks merit.  This case raises questions regarding the scope of the federal immigration laws and whether a particular state conviction falls within the relevant federal statute.  Because Peters's immigration case was properly heard in Oakdale, Louisiana, where he was detained, the BIA is bound only by this circuit's decisions.  See 8 U.S.C. § 1252(b)(2) (requiring that a petition for review of removal proceedings "shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings.").  To the extent that the BIA was required to analyze state law, the same rule applies — only this circuit's precedents (and those of the Supreme Court) bind the BIA when considering an appeal from an immigration judge in the Fifth Circuit.

Third, Peters asserts that he pled guilty to the Arizona charge only because of and "in reliance on" the Ninth Circuit's decision that a solicitation offense concerning illegal drugs is not a deportable violation.  As Peters had no ground for insisting upon venue of his deportation proceeding in the Ninth Circuit, this contention is frivolous.

Finally, contrary to Peters's implication, this court is not bound by the Ninth Circuit's construction of Arizona law.  See, e.g., Signal Oil & Gas Co. v. The Barge W-701, 654 F.2d 1164, 1177 (5th Cir. 1981) (cases from different circuits do not control this circuit's construction of state and federal law). While sister circuits' experience construing the laws of the states within their jurisdiction may render their decisions persuasive, we are not bound by those decisions.

4

solicitation offense is excluded from the purview of this statute. This court reviews the federal statute de novo, but if Congress's language is silent or ambiguous on the question at issue, as we conclude it is, we must defer to a reasonable construction of the language by the BIA. See Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842 (1984); INS v. Aguirre Aguirre, 526 U.S. 415, 424-26 (1999) (applying Chevron deference to BIA interpretation of immigration laws). In regard to Chevron deference, however, we follow this court's decision in Omagah v. Ashcroft, 288 F.3d 254, 258 (5th Cir. 2002), which deferred to BIA on the interpretation of immigration law but not of federal or state criminal laws. But see Coronado-Durazo, supra, refusing to defer to BIA at all on the construction of § 1227(a)(2)(B)(i).

Initially, we agree with BIA's conclusion that Peters violated a law "relating to a controlled substance." Peters's judgment of conviction, dated May 22, 2000, states:

> IT IS THE JUDGMENT OF THE COURT that the Defendant is guilty of the crime of Count I, Amended, SOLICITATION TO TRANSPORT MARIJUANA FOR SALE a Class 4 felony, non-dangerous and non-repetitive offense, in violation of A.R.S. §13-3405(A)(4), 13-1002, 13-701, 13-801 committed on or about January 9, 2000.

(emphasis added). Under Arizona Revised Statute § 13-3405(A)(4), "[a] person shall not knowingly . . . [t]ransport for sale . . . marijuana", and under § 13-1002,

> [a] person . . . commits solicitation if, with the intent to promote or facilitate the commission of a felony . . .

> such person . . . solicits another person to engage in specific conduct which would constitute the felony . . . or which would establish the other's complicity in its commission.

Because Peters was convicted of a class 4 felony, the relevant provisions indicate that he solicited the commission of a class 2 felony and that the underlying offense involved at least two pounds or more of marijuana. See ARIZ. REV. STAT. § 13-1002(B)(2) ("Solicitation is a . . . Class 4 felony if the offense solicited is a class 2 felony."); ARIZ. REV. STAT. § 13-3405(B)(11) ("A person who violates . . . Subsection A, paragraph 4 of this section involving an amount of marijuana having a weight of two pounds or more is guilty of a class 2 felony.").

The Arizona statutes thus expressly define the offense of solicitation in the context of another underlying illegal act. A person cannot be convicted of felony solicitation without the specific intent to promote or facilitate the commission of another felony. Moreover, pursuant to the statutes, Peters's penalty was directly based on the severity of the felony crime that he solicited; had he solicited the transportation of a lesser amount of drugs, he would have been subject to a lesser penalty. In this legislative framework, and particularly on the state record of Peters's conviction, it makes no sense to speak of a conviction for solicitation in the abstract — — solicitation is only a crime insofar as an individual acts with the intent to get another to commit a particular underlying felony.

6

That Peters was convicted of soliciting another individual to transport two or more pounds of marijuana for sale on its face constitutes a violation of a law "relating to a controlled substance." The fact that Peters did not personally transport the marijuana does not exclude him from having committed a drug-related offense.[3] This understanding of the "relating to" language is informed by Congress's consistent effort to target aliens who are involved in drug-related activities. As the Ninth Circuit acknowledged, "Congress has clearly spoken against aliens who abuse the hospitality of the United States by committing drug-related crimes." Coronado-Durazo, 123 F.3d at 1326 (citing a variety of statutes enacted over the last two decades that place substantial procedural and substantive burdens upon aliens convicted of drug-related offenses); see also Luu-Le v. INS, 224 F.3d 911, 915-16 (9th Cir. 2000) ("We have construed the 'relating to' language broadly in the past."). Moreover, the Supreme Court has traditionally afforded an expansive reading of "related to." See e.g., District of Columbia v. Greater Wash. Bd. of Trade, 506 U.S. 125, 134-35 (1992) ("Indeed, it has been reiterated so often that petitioners did not challenge the proposition that the statute in

---

[3] We do not suggest that solicitation is a lesser included offense of a given underlying statutory violation or that the mental state and acts that are required to commit the underlying offense are the same for the solicitation conviction. Indeed, the Arizona Court of Appeals has held that such considerations make solicitation a completely separate crime from the underlying offense. See State v. Tellez, 799 P.2d 1, 3 (Ariz. Ct. App. 1989). But the nuances of Arizona criminal law do not affect our construction of the federal statute's "relating to" provision.

this case 'related to' respondent's ERISA plan.").

Peters urges the opposite result for reasons that originate in Coronado-Durazo. First, he contends, an alien violates a law "relating to a controlled substance" only if the underlying convicting statute, read without reference to any other statutes, directly refers to controlled substances. See also, U.S. v. Meza-Corrales, 183 F.3d 1116, 1117 (9th Cir. 1999) (citing Coronado-Durazo for this proposition). Second, because the statute parenthetically includes two generic crimes, conspiracy and attempt, it necessarily excludes the also-generic crime of solicitation. Coronado-Durazo, 123 F.3d at 1325. Peters posits these positions as a plain language interpretation of § 1227(a)(2)(B)(i). Id. We disagree with all of these points.

As mapped out above, Peters's solicitation conviction expressly incorporated the underlying illegal delivery of over two pounds of marijuana. The basis for the Ninth Circuit's apparently contrary conclusion is unclear. It may have been derived from Coronado-Durazo's lesser crime of solicitation to possess cocaine, which constitutes a class 6 felony, see Coronado-Durazo, supra at 1325, as compared with Peters's conviction of a class 4 felony solicitation to transport marijuana. Alternatively, the convicting record in the Ninth Circuit case may have differed from that before us, inasmuch as Coronado-Durazo cites only the Arizona solicitation statute, while Peters's judgment also referred to the drug offense. Finally, the Ninth Circuit failed to trace, as we have done, the

8

clear statutory nexus from illegal solicitation to a drug offense. In any event, the Ninth Circuit's decision in <u>Coronado-Durazo</u> seems arbitrarily to narrow Congress's intentionally broad phrase — covering the violation of "any law" "relating to" a controlled substance — at least if applied to the convicting record before us. We agree that Congress required a nexus between the statute of conviction and controlled substance regulations or laws. <u>See</u>, <u>e.g.</u>, <u>Urena-Ramirez v. Ashcroft</u>, 341 F.3d 51, 55 (1st Cir. 2004) (holding a Travel Act violation to have both a factual and legal nexus to drug crimes sufficient to fall within § 1227(a)(2)(B)(i)); <u>Londono-Gomez v. INS</u>, 699 F.2d 475 (9th Cir. 1983) (aiding and abetting cocaine distribution falls within statutory predecessor to § 1227(a)(2)(B)(i)). We disagree with the Ninth Circuit's conclusion that no such nexus can be found in an Arizona solicitation conviction.[4]

---

[4] Our approach does not conflict with the Sixth Circuit's ruling in <u>Castaneda de Esper v. INS</u>, 557 F.2d 79 (6th Cir. 1977) or the BIA's decision in <u>Matter of Carrillo</u>, 16 I. & N. Dec. 625 (BIA 1978). In <u>Castaneda</u>, the Sixth Circuit held that misprision of a felony — even where the underlying felony is a drug offense — did not fall within the scope of an earlier version of the statute at issue here. <u>See</u> 557 F.2d at 84. While both solicitation and misprision relate to an underlying felony, misprision deals with the concealment of a felony, whereas solicitation is undertaken with the specific intent to promote or facilitate the commission of a felony. This difference is significant. As the BIA noted in <u>Matter of Beltran</u>, there is a close relationship between the offenses of attempt and solicitation that does not exist with regard to misprision. <u>See</u> 20 I. & N. Dec. at 528. Thus, <u>Castaneda</u> is distinguishable.

Similarly, <u>Matter of Carrillo</u> dealt with possession of a firearm during the commission of a drug felony. <u>See</u> 16 I. & N. Dec. at 625-26. In that case, the BIA relied on <u>Castaneda</u> and held that the unlawful possession conviction did not relate to a controlled substance. <u>Id.</u> at 626-27. As with <u>Castaneda</u>, a firearm conviction is not as closely related to the underlying drug felony as a solicitation conviction. In <u>Matter of Beltran</u>,the BIA found <u>Carrillo</u> distinguishable from a solicitation conviction.

The Ninth Circuit's narrow interpretation of § 1227(a)(2)(B)(i) draws support from Congress's parenthetical language, which includes conspiracy or attempt violations among the deportable offenses denoted by the "relating to" phrase. The Coronado-Durazo majority characterized conspiracy and attempt as generic crimes and then held that their enumeration necessarily excluded other generic crimes like solicitation from the statute's reach. This statutory interpretation is plausible, but, based on the odd grammar of the provision, it is hardly plain. A more plausible interpretation is that adopted by the BIA in Matter of Beltran, which held that the statutory references to conspiracy and attempt are illustrative without being exclusive.[5] Further, conspiracy and attempt are not rendered superfluous by such a reading of the provision because "'[a] parenthetical is, after all, a parenthetical, and it cannot be used to overcome the operative terms of the statutes.'" U.S. v. Monjaras-Castaneda, 190 F.3d 326, 330 (5th Cir. 1999) (quoting Cabell Huntington Hosp., Inc. v. Shalala, 101 F.3d 984, 990 (4th Cir. 1996)).

While the Coronado-Durazo majority refused to defer to Matter of Beltran and described the statutory language as plain, we agree with Judge Farris's dissent that the provision is ambiguous or silent concerning the treatment of solicitation offenses. We

---

[5] Indeed, the commentary to the Model Penal Code, upon which Arizona's criminal code is based, see State v. Mott, 931 P.2d 1046, 1050 (Ariz. 1997), states that "[s]olicitation may . . . be thought of as an attempt to conspire." MODEL PENAL CODE § 5.02 cmt. at 365-66.

10

are consequently bound by this court's application of <u>Chevron</u> deference to a reasonable construction of the immigration laws by the BIA. <u>Omagah v. Ashcroft</u>, 288 F.3d 254, 258 (5th Cir. 2002). Based on the deliberate breadth of § 1227(a)(2)(B)(i) and Congress's repeated attempts to expand the deportability and hasten the process for aliens engaged in drug-related offenses, the BIA's approach in <u>Matter of Beltran</u> was eminently reasonable.[6] This approach finds additional support in decisions, cited by this court in <u>Monjaras-Castaneda</u>, <u>supra</u> at 330, that have construed statutory parentheticals to signify clarifications, non-exclusive identifications, or visual aids. Congress in fact reduced the grammatical import of conspiracy and attempt, and correspondingly emphasized the breadth of "relating to," when it replaced commas cordoning off conspiracy in the predecessor provision with the parentheses that now appear.[7]

### III. CONCLUSION

---

[6] The primary question before the BIA in <u>Matter of Beltran</u> was a question of federal immigration law — whether § 1251(a)(11), the predecessor to § 1227(a)(2)(B)(i), is broad enough to encompass solicitation to possess narcotics under Arizona law. In reaching its ultimate decision, the BIA engaged in an extended discussion of the offense of solicitation under Arizona law, the Model Penal Code, and the common law. However, as the key issue in <u>Matter of Beltran</u> was the scope and construction of a federal immigration statute, the BIA's determination on this issue is entitled to <u>Chevron</u> deference. <u>See</u>, <u>e.g.</u>, <u>Mikhael v. INS</u>, 115 F.3d 299, 302 (5th Cir. 1997).

[7] Peters argues that we should not accord the BIA's decision deference because the statute has been amended since <u>Matter of Beltran</u> was decided. Before the 1990 amendment, Section 1251(a)(11) rendered deportable any alien "convicted of a violation of, or of a conspiracy to violate, any law relating to a controlled substance." Contrary to Peters's view, Congress's addition of attempt and the substitution of parentheses for commas broadens the statute in the direction of <u>Beltran</u>'s construction.

11

For the reasons here stated, Peters was convicted of an offense "relating to controlled substances"; there was a sufficient nexus between his solicitation conviction and drug-related laws to satisfy the federal statute; and solicitation is not implicitly outside the reach of 8 U.S.C. § 1227(a)(2)(B)(i).  Consequently, Peters is a deportable alien whose conviction deprives this court of jurisdiction over the BIA removal order.  His petition is

**DISMISSED.**