# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-60181
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 10, 2019

Lyle W. Cayce
Clerk

ALDO CASTANON-CASTANON,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 097 423

Before BARKSDALE, ELROD, and HO, Circuit Judges.

PER CURIAM:*

Aldo Castanon-Castanon, a citizen and national of Guatemala, petitions for review of a decision of the Board of Immigration Appeals' (BIA) dismissing his appeal from the denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). In doing so, he presents two issues.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-60181

First, he contends the BIA did not issue a reasoned decision because it relied improperly on findings the immigration judge (IJ) made with respect to Castanon's failure to demonstrate a well-founded fear of future persecution to determine he did not demonstrate past persecution.  Castanon, however, did not present this issue to the BIA.  Because he could have done so through a motion to reconsider, this failure constitutes a failure to exhaust the issue; consequently we lack jurisdiction to consider it.  *See Dale v. Holder*, 610 F.3d 294, 299 (5th Cir. 2010); *Omari v. Holder*, 562 F.3d 314, 320–21 (5th Cir. 2009).

For his other issue, Castanon asserts his due-process rights were violated at his removal hearing, at which he proceeded *pro se*, because the IJ: (1) did not tell him what he would need to prove to show his eligibility for relief; (2) did not fulfill her obligation to aid in the development of the record by explaining he could testify in narrative form, asking him open-ended questions, or asking questions about facts critical to his claim for relief; and (3) demonstrated a lack of impartiality by questioning him in an impatient, hostile, and intimidating manner.  (He does not renew a fourth claimed due-process violation raised before the BIA:  his inability to present his mother's testimony.  Accordingly, that claimed violation is abandoned.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).)

An alien's claim his due-process rights were violated during his removal proceeding receives *de novo* review.  *Bouchikhi v. Holder*, 676 F.3d 173, 180 (5th Cir. 2012).  "As a general rule, due process requires that an alien be provided notice of the charges against him, a hearing before an executive or administrative tribunal, and a fair opportunity to be heard."  *Okpala v. Whitaker*, 908 F.3d 965, 971 (5th Cir. 2018) (citation omitted).  Along that line, "only this circuit's precedents (and those of the Supreme Court) bind the BIA when considering an appeal from an immigration judge in the Fifth Circuit".

*Peters v. Ashcroft*, 383 F.3d 302, 305 n.2 (5th Cir. 2004).  Accordingly, the BIA did not err by not deciding Castanon's appeal under the due-process standards enunciated by other circuits.

We agree with the BIA that no evidence in the record reflects that the IJ "show[ed] any hostility due to extrajudicial sources or such a degree of hostility that fair judgment was impossible".  *Wang v. Holder*, 569 F.3d 531, 541 (5th Cir. 2009).  That the IJ may have displayed a lack of patience is insufficient to establish a due-process violation.  *See id.*

We also agree with the BIA that Castanon has not demonstrated he was prejudiced by any of the claimed due-process violations.  "To prevail on [a due-process] challenge, an alien must make an initial showing of substantial prejudice."  *De Zavala v. Ashcroft*, 385 F.3d 879, 883 (5th Cir. 2004) (internal quotation marks and footnote omitted).  To show a due-process violation resulted in substantial prejudice, an alien must make a *prima facie* showing that the outcome of the proceedings would have been different but for the claimed violation(s).  *Okpala*, 908 F.3d at 971.  Therefore, for Castanon to show the claimed due-process violations caused him substantial prejudice, he had to provide a *prima facie* case of his eligibility for either asylum, withholding of removal, or CAT relief.  *See Anwar v. I.N.S.*, 116 F.3d 140, 144–45 (5th Cir. 1997).

Castanon, however, does not make a meaningful claim he was prejudiced by his inability to prove his eligibility for CAT relief; as a result, he has abandoned that issue.  *See Soadjede*, 324 F.3d at 833.  As for his seeking asylum or withholding of removal, the BIA ruled Castanon had not shown the results of his removal proceeding would have been any different and had, therefore, not shown substantial prejudice, in part, because he did not present additional evidence or make a meaningful proffer to show the Guatemalan

No. 18-60181

government was unwilling or unable to protect him from gang violence. *See Sharma v. Holder*, 729 F.3d 407, 411–12 (5th Cir. 2013) (discussing the requirements for asylum eligibility); *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002) (discussing requirements for eligibility for withholding of removal). Castanon does not dispute that he failed to present such evidence to the BIA, and he does not contend he has made a *prima facie* showing the Guatemalan government was unwilling or unable to protect him from gang violence.

DISMISSED IN PART and DENIED IN PART.