# United States Court of Appeals
# for the Fifth Circuit

————————

No. 23-60260
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
November 30, 2023

Lvle W. Cavce

Mayra Nohemy Zavala-Banegas; Carlos Antonio Dubon-Lobo; Carlos Josue Dubon-Zavala; Joel Antonio Dubon-Zavala,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

————————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A208 276 678,
A208 276 679, A208 373 943,
A208 373 944

————————————————————————

Before Wiener, Stewart, and Douglas, *Circuit Judges*.

Per Curiam:*

Carlos Antonio Dubon-Lobo, his wife, Mayra Nohemy Zavala-Banegas, on behalf of themselves and their minor children, Carlos

—————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-60260

Antonio Dubon-Lobo and Joel Antonio Dubon-Zavala, all natives and citizens of Honduras, petition this court for review of the decision of the Board of Immigration (BIA). The BIA adopted and affirmed the opinion of an Immigration Judge (IJ), who denied their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

We review the BIA's decision and consider the IJ's decision only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). Legal questions are generally reviewed de novo. *Id.* The BIA's factual determination that an individual is not eligible for asylum, withholding of removal, or CAT relief is reviewed under the substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

To be eligible for asylum, an applicant must show, among other things and as relevant here, that membership in a particular social group (PSG) or having a particular political opinion "was or will be at least one central reason for persecuting the applicant." *Accord Orellana-Monson*, 685 F.3d at 518 (citation omitted); *see also* 8 U.S.C. § 1158(b)(1)(B)(i). Withholding of removal requires a showing that the applicant more likely than not would be persecuted on account of one of those protected grounds. *Jaco v. Garland*, 24 F.4th 395, 401 (5th Cir. 2021).

To be cognizable, a PSG must comprise persons who (1) share an immutable characteristic, (2) are particularly defined, and (3) are socially distinct within the society at issue. *Gonzales-Veliz v. Barr*, 938 F.3d 219, 229 (5th Cir. 2019); *Hernandez-De La Cruz v. Lynch*, 819 F.3d 784, 786, 787 n.1 (5th Cir. 2016). The third element, social distinction, "is determined by the extent to which members of a society perceive those with the characteristic in question as members of a social group." *Hernandez-De La Cruz*, 819 F.3d at 786 (internal quotation marks and citation omitted). The group must also

"exist independently of the fact of persecution." *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 236 n.11 (BIA 2014); *Jaco*, 24 F.4th at 407.

Petitioners generally argue that their proposed PSG consists of "persons perceived by a gang or other organized criminal group as contravening its rules or resisting its authority," or satisfies all three criteria. However, Petitioners fail to meaningfully address the IJ's finding, adopted by the BIA, that their proposed PSG was not cognizable because it was defined by the perception of the gang rather than Honduran society, which would not perceive the PSG as socially distinct. Petitioners have therefore abandoned any challenge to the IJ's finding that they failed to identify a cognizable PSG. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

In any event, Petitioners assert that their proposed PSG is "recognizable and discreet, as it only includes Hondurans who directly reject the rule and authority of organized gangs, causing those gangs to target those Hondurans for persecution." That PSG does not exist independently of the persecution that petitioners claim to have experienced and fear. *See Jaco*, 24 F.4th at 407 (citation omitted). Furthermore, we have previously held that PSGs comprised of persons who are targeted by gangs because they failed to acquiesce to their demands, reported them to authorities, or opposed them in some other manner lack particularity and social distinction. *See Hernandez-De La Cruz*, 819 F.3d at 787; *Orellana-Monson*, 685 F.3d at 522.

Petitioners also argue that being perceived by the Mara 18 gang as an enemy based on the family's refusal to acquiesce to the gang's authority is a form of imputed political opinion, citing *Alvarez Lagos v. Barr*, 927 F.3d 236 (4th Cir. 2019). As the BIA has stated, however, "only this circuit's precedents (and those of the Supreme Court) bind the BIA when considering an appeal from an immigration judge in the Fifth Circuit." *Peters v. Ashcroft*, 383 F.3d 302, 305 n.2 (5th Cir. 2004). Regardless, this court has "rejected

an applicant's argument that [the applicant] can establish a well-founded fear of persecution based on [the applicant's] political opinion defined as 'pro rule-of-law, anti-corruption, and anti-gang.'" *Martinez-De Umana v. Garland*, 82 F.4th 303, 312 (5th Cir. 2023) (internal quotation marks and citation omitted).

In light of the above, Petitioners have not shown that they were or would be persecuted based on a protected ground, which is dispositive of their asylum claims. *See Orellana-Monson*, 685 F.3d at 522. Accordingly, we need not address their arguments regarding persecution and nexus. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976). Their failure to establish eligibility for asylum necessarily defeats their claims of withholding of removal. *See Orellana-Monson*, 685 F.3d at 522; *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006).

To obtain protection under the CAT, an applicant must show both that (1) he or she more likely than not would suffer torture if returned to their home country and (2) sufficient state action would be involved in that torture. *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 350-51 (5th Cir. 2006). Petitioners do not meaningfully challenge the BIA's ruling that they failed to satisfy the required state action element, i.e., that any torture they would face would be by, or with the acquiescence, of Honduran officials. They have therefore abandoned any challenge to the denial of their CAT claims. *See Soadjede*, 324 F.3d at 833.

The petition for review is DENIED.