# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-60350
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

March 11, 2025

Lyle W. Cayce
Clerk

YEIMY PATRICIA CRUZ-VELASQUEZ,

*Petitioner,*

*versus*

PAMELA BONDI, *U.S. Attorney General,*

*Respondent.*

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A209 077 757

---

Before HIGGINBOTHAM, JONES, and OLDHAM, *Circuit Judges.*

PER CURIAM:[*]

Yeimy Patricia Cruz-Velasquez, a native and citizen of Honduras, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing her appeal from an immigration judge's (IJ) denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-60350

This court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). Legal questions are reviewed *de novo*. *Id.* The BIA's factual determination that an individual is not eligible for asylum, withholding of removal, or CAT relief is reviewed under the substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under that standard, "[t]he petitioner has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Orellana-Monson*, 685 F.3d at 518 (internal quotation marks and citation omitted).

To be eligible for asylum, an applicant must show, among other things, that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *accord Orellana-Monson*, 685 F.3d at 518. Withholding of removal requires a showing that the applicant more likely than not would be persecuted on account of one of those protected grounds. *Jaco v. Garland*, 24 F.4th 395, 401 (5th Cir. 2021).

The BIA found that Cruz-Velasquez's proposed particular social group (PSG) of "Honduran women" was not cognizable under this court's decision in *Jaco*. Cruz-Velasquez's brief does not argue the BIA's reliance on *Jaco* was improper. Instead, it omits any discussion of *Jaco* and cites cases from other circuits. However, "only this circuit's precedents (and those of the Supreme Court) bind the BIA when considering an appeal from an immigration judge in the Fifth Circuit." *Peters v. Ashcroft*, 383 F.3d 302, 305 n.2 (5th Cir. 2004). Accordingly, she has not shown that the BIA erred in concluding that her proposed PSG is not cognizable. *See Jaco*, 24 F.4th at 407. She thus cannot demonstrate eligibility for asylum or withholding of removal, and her petition for review should be denied as to those forms of relief. *See id.*; *Orellana-Monson*, 685 F.3d at 522. Because failure to identify

2

a cognizable PSG is fatal to her claims for asylum and withholding of removal, this court need not address the BIA's additional grounds for denying these forms of relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

The Respondent correctly asserts that to the extent Cruz-Velaszquez argues that she was and would be persecuted because she was a younger woman or a Honduran woman who recently lost her father, or on the basis of imputed political opinion, she failed to exhaust those arguments. Accordingly, we will not consider them. *See Munoz-De Zelaya v. Garland*, 80 F.4th 689, 694 (5th Cir. 2023) (declining to reach unexhausted claims).

To obtain protection under the CAT, the applicant must demonstrate that, in the proposed country of removal, it is more likely than not that she would be tortured "by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1); *see Martinez Manzanares v. Barr*, 925 F.3d 222, 228 (5th Cir. 2019). Thus, the applicant must show both that (1) she more likely than not would suffer torture and (2) sufficient state action would be involved in that torture. *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 350–51 (5th Cir. 2006). "Acquiescence by the government includes willful blindness of torturous activity." *Gonzales-Veliz v. Barr*, 938 F.3d 219, 225 (5th Cir. 2019) (internal quotation marks and citation omitted).

The BIA upheld the denial of CAT relief because Cruz-Velasquez failed to establish governmental acquiescence. Cruz-Velasquez does not meaningfully address this determination. Accordingly, she has forfeited this court's review of it, and her CAT claim fails. *See Chambers v. Mukasey*, 520

No. 24-60350

F.3d 445, 448 n.1 (5th Cir. 2008) (stating that issues not briefed are abandoned); *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (same).

The petition for review is DENIED.