United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 18, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-60981
Summary Calendar

CHAO KENG CHEN,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A70 891 996
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Chao Keng Chen "("Chen"), a citizen of China, petitions for review of an order from the Board of Immigration Appeals ("BIA") summarily affirming the immigration judge's ("IJ") decision to deny his application for asylum, withholding of removal, or for relief under the Convention Against Torture. Chen argues that the IJ made an improper adverse credibility determination and that the IJ considered impermissible hearsay evidence to support his finding of adverse credibility. Finally, Chen has filed a

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion requesting this court to remand to the BIA pursuant to 28 U.S.C. § 2347(c) for consideration of additional evidence, or, in the alternative, to hold his case in abeyance pending the BIA's decision on his motion to reopen.

The IJ's finding that Chen was not credible is a reasonable interpretation of the record and the conclusion that Chen was credible is not compelled by the evidence. See Chun v. INS, 40 F.3d 76, 79 (5th Cir. 1994). Because Chen failed to exhaust his administrative remedies with regard to the hearsay issue, this court is precluded from addressing it. See Wang v. Ashcroft, 260 F.3d 448, 452 (5th Cir. 2001). Under the Illegal Immigration Reform and Immigration Responsibility Act ("IIRIRA") transitional rules, a court may not order the taking of additional evidence under § 2347(c). See IIRIRA § 309(c)(4)(B). The court declines to hold this case in abeyance pending the BIA's ruling on Chen's motion to reopen, as the motion to reopen does not affect the finality of the deportation order. See Mamoka v. INS, 43 F.3d 184, 187 (5th Cir. 1995).

Accordingly, the petition for review and the motion are DENIED.