**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 20, 2009

Charles R. Fulbruge III
Clerk

No. 08-61047
Summary Calendar

ABERLARDO TREJO-ROBLES,

Petitioner,

versus

ERIC H. HOLDER, Jr., U.S. Attorney General,

Respondent.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A94 932 230

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Aberlardo Trejo-Robles petitions for review of a deportation order from the

Board of Immigration Appeals ("BIA"). We deny the petition.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

I.

Trejo-Robles, a Mexican national, attempted in 2007 to enter the United States at a port of entry without a valid entry document. After being placed in removal proceedings, he applied for political asylum, requested withholding of removal, and sought protection under the United Nations Convention Against Torture ("CAT"). The basis of these requests was his purported fear of persecution by two Mexican gangs and by corrupt Mexican police officers who work with the gangs.

After a hearing, the immigration judge ("IJ") denied relief on all grounds. With respect to the requests for asylum and withholding of removal, the IJ found that Trejo-Robles could not show, as was required by law, well-founded fear of persecution related to race, religion, nationality, membership in a particular social group, or political opinion. With respect to the request under the CAT, the IJ found that Trejo-Robles had not shown a clear probability that he would be tortured by or with the consent or acquiescence of the Mexican government. The IJ noted, in particular, that the acts of individual renegade police officers did not constitute official sanction of torture.

The BIA affirmed, and Trejo-Robles filed a timely petition for review. While this petition was pending, he filed a motion for reconsideration with the BIA, which the BIA denied.

II.

The government asks us to dismiss this petition summarily, because Trejo-Robles has not appealed from the BIA's denial of his motion for reconsideration. The government seems to suggest that a motion for reconsideration eliminates the finality––and thus, reviewability––of the BIA's original order. "[A] deportation order is final, and reviewable, when issued. Its finality is not affected by the subsequent filing of a motion to reconsider." *Stone v. INS*, 514, U.S. 386, 405

(1995). We proceed, therefore, to the merits of the petition.

## III.

"When, as here, the BIA affirms the [IJ] and relied on the reasons set forth in the [IJ's] decision, this court reviews the decision of the [IJ] as well as the decision of the BIA." *Ahmed v. Gonzales*, 447 F.3d 433, 437 (5th Cir. 2006). We review the IJ's factual findings that an alien is not eligible for asylum, withholding of removal, or relief under the CAT under the substantial evidence standard, which permits reversal only where "the evidence not only *supports* the conclusion, but *compels* it." *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). We review questions of law *de novo*. *Sung v. Keisler*, 505 F.3d 372, 375 (5th Cir. 2007).

## IV.

Trejo-Robles argues that the BIA failed to consider his request for protection under the CAT as distinct from his requests for asylum and withholding of removal. He also contends that, to the extent the BIA did consider his CAT request, it applied the wrong legal standard.

Neither argument has merit. First, the BIA unquestionably considered Trejo-Robles's CAT request on its own merits. After discussing the asylum and withholding of removal requests, the BIA stated, "Finally, we agree [with the IJ] that [Trejo-Robles] has *also* failed to establish eligibility for protection under the [CAT] as he has not presented evidence establishing that it is more likely than not that he would be subject to torture upon return to Mexico." (Emphasis added.) The BIA thus distinguished the CAT request and adopted the IJ's reason for dismissing it.

Nor did the BIA apply an incorrect legal standard. To receive protection under the CAT, an alien must prove it is "more likely than not" that he would be

tortured "by or at the instigation of, or with the consent or acquiescence of a public official or other person acting in an official capacity" if deported. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). Trejo-Robles faults the BIA for citing *Matter of S-V-*, 22 I&N Dec. 1306 (BIA 2000), because Trejo-Robles claims that decision relied on an improper understanding of government acquiescence to torture. The BIA's decision, however, did not turn on a lack of government acquiescence to torture, but rather on Trejo-Robles's failure to prove that it was "more likely than not" he would be tortured.

We find no error of law or fact in the BIA's or IJ's opinion. The petition for review is DENIED.