# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 15, 2010

Lyle W. Cayce
Clerk

No. 09-60881
Summary Calendar

SERGIO MAURICIO DIAZ DE LEON-MUNOZ,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A036 999 192

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Sergio Mauricio Diaz De Leon-Munoz is a native and citizen of Mexico who entered this country in 1981 and was convicted of aiding and abetting the transportation of undocumented aliens within the United States in 1983. In 1984, the former INS issued an Order to Show Cause charging that Diaz De Leon-Munoz was deportable because he had, within five years of entering this country and for gain, aided and abetted another alien's illegal entry into the United States. These proceedings were terminated that same year. In 2007 the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Department of Homeland Security issued a Notice to Appear charging that Diaz De Leon-Munoz was deportable because his 1983 conviction was considered an aggravated felony for immigration purposes. An immigration judge concluded that Diaz De Leon-Munoz was removable on this basis, and the Bureau of Immigration Appeals (BIA) dismissed his appeal.

This court is now presented with Diaz De Leon-Munoz's petition for review. Consistent with his arguments to the BIA, he contends that res judicata bars the instant removal proceedings because they are based on the same conviction as the prior, terminated proceedings. Although we are generally precluded from reviewing removal orders when such orders are grounded in a conclusion that an alien should be deported from this country due to his commission of an aggravated felony, we have jurisdiction to review this legal issue. *See* 8 U.S.C. § 1252(a)(2)(D); *Andrade v. Gonzales*, 459 F.3d 538, 542, 544 (5th Cir. 2006); *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). Diaz De Leon-Munoz's res judicata argument "lacks merit" because "the current removal proceeding pending against [him] is based on a wholly separate provision" than the prior removal proceeding. *See Peters v. Ashcroft*, 383 F.3d 302, 305 n.2 (5th Cir. 2004). His petition for review is DENIED.