# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 1, 2021

Lyle W. Cayce
Clerk

No. 19-60456

Marcos A. Cruz Rodriguez, *also known as* Marcos Cruz-Rodriguez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 413 328

Before King, Smith, and Haynes, *Circuit Judges*.

Per Curiam:

Marcos A. Cruz Rodriguez, a legal permanent resident, was charged with robbery in Texas state court. As a result of this, Cruz Rodriguez was twice charged as removable by the federal government, once in 2012, and again, in 2016. He challenged the second removability charge as barred by res judicata. But, because the second charge was based on a different statutory provision and was unavailable to the Government when the first charge was brought, the Board of Immigration Appeals determined that res judicata did not bar it. We agree. Cruz Rodriguez also argues that the Government failed

No. 19-60456

to meet § 1227(a)(2)(A)(iii)'s statutory requirements and that the Board of Immigration Appeals denied him due process of law. These two issues, however, have not been addressed by the Board of Immigration Appeals in the first instance and are therefore not yet ripe for disposition. Accordingly, we DISMISS IN PART and otherwise DENY the petition.

## I.

Petitioner Marcos A. Cruz Rodriguez ("Cruz Rodriguez"), a native and citizen of Honduras, entered the United States in 2010 as an asylee. In August 2011, the United States Citizenship and Immigration Services adjusted his status to legal permanent resident under the Immigration and Nationality Act ("INA") § 209(b).

In March 2012, Cruz Rodriguez pleaded guilty in a Texas court to two counts of robbery and was placed on eight years of deferred adjudication probation. And, as a consequence, the Government charged Cruz Rodriguez with removability under 8 U.S.C. § 1227(a)(2)(A)(i). On August 29, 2013, an immigration judge ("IJ") concluded that Cruz Rodriguez was removable. Cruz Rodriguez, shortly thereafter, filed a motion for an emergency stay of removal and an accompanying motion to reopen his case. As a result, in March 2014, the IJ readjusted Cruz Rodriguez's status back to legal permanent residency, under 8 U.S.C. § 1255(a), while granting an attendant waiver of inadmissibility under INA § 212(h), 8 U.S.C. § 1182(h). The Government did not appeal this ruling.

Following the readjustment, in November 2015, Cruz Rodriguez violated the terms of his probation; the Texas court then formally adjudicated him guilty and imposed a two-year term of imprisonment. Subsequently, in September 2016, the Government again charged Cruz Rodriguez as removable, this time under 8 U.S.C. § 1227(a)(2)(A)(iii).

The IJ sustained the second charge of removability. But following a series of motions, the IJ eventually terminated the removal proceedings against Cruz Rodriguez, concluding that res judicata barred the Government from charging Cruz Rodriguez with removability a second time based on the same underlying robbery offense.

The Government appealed the res judicata ruling, and the Board of Immigration Appeals ("BIA") sustained the appeal, vacated the IJ's decision, and remanded the case. On remand, Cruz Rodriguez again moved to have the removal proceedings terminated. This time, he argued that he was not removable, under 8 U.S.C. § 1227(a)(2)(A)(iii), because he had not been convicted of any crimes since his status readjustment in March 2014.

In November 2018, the IJ issued a decision, denied all relief, and ordered Cruz Rodriguez removed to Honduras. Cruz Rodriguez appealed to the BIA. In relevant part, Cruz Rodriguez challenged the BIA's initial res judicata ruling, arguing that his two immigration proceedings arose out of the same nucleus of operative facts. Noting that the IJ did not consider res judicata on remand, the BIA reaffirmed its initial res judicata ruling and declined to revisit the issue. It rejected Cruz Rodriguez's other arguments and dismissed his appeal. Cruz Rodriguez timely petitioned this court for review.

In short, Cruz Rodriguez raises three issues before us. He argues that (1) res judicata barred the Government's second removability charge; (2) he was not removable under 8 U.S.C. § 1227(a)(2)(A)(iii), as he was convicted before his status was readjusted; and (3) the BIA violated his due process rights by failing to fully address his res judicata argument. On direct appeal to the BIA, Cruz Rodriguez raised, and the BIA addressed, only the first issue. With this in mind, we dispose of each issue in turn.

No. 19-60456

## II.

The res judicata effect of a prior judgment is a legal question, which we review de novo. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). The doctrine of res judicata applies to administrative adjudications in the immigration context. *Andrade v. Gonzales*, 459 F.3d 538, 545 (5th Cir. 2006). Res judicata bars a subsequent action when the following four elements are present: (1) both cases had the same parties; (2) a court of competent jurisdiction issued a judgment in the first case; (3) the first case was ended by way of a final judgment on the merits; and (4) both cases dealt with the same claim or cause of action. *Chavez-Mercado v. Barr*, 946 F.3d 272, 275 (5th Cir. 2020).

As to the fourth element, the doctrine of res judicata holds that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Rhoades v. Penfold*, 694 F.2d 1043, 1048 (5th Cir. 1983) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). Res judicata, however, has been limited in application "to issues of fact or law necessary to the decision in the prior judgment" or, in other words, to situations in which "the allegedly barred claim [arises] out of the same nucleus of operative facts involved in the prior litigation." *Id.* (citing *S. Jam, Inc. v. Robinson*, 675 F.2d 94, 96 (5th Cir. 1982)); *accord Chavez-Mercado*, 946 F.3d at 275.

It is undisputed that the first three elements of res judicata are met in this case. We are concerned here only with the fourth element of res judicata: whether the first removal proceeding against Cruz Rodriguez involved the same claims or causes of action as the second removal proceeding.

Recall that Cruz Rodriguez, in March 2012, agreed to deferred adjudication probation after pleading guilty to two counts of robbery. As a consequence, the Government charged Cruz Rodriguez with removability

under 8 U.S.C. § 1227(a)(2)(A)(i), as an alien convicted of a crime involving moral turpitude for which a sentence of one year or longer may be imposed. That charge, however, did not result in Cruz Rodriguez's removal: the IJ found Cruz Rodriguez removable but then readjusted his status and found that he should be allowed to stay legally in the country.

Subsequently, Cruz Rodriguez violated the terms of his probation and the Texas court adjudicated him guilty and imposed a two-year term of imprisonment. This formal adjudication of guilt prompted the Government's 2016 charge, this time alleging Cruz Rodriguez was removable under 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien who committed an aggravated felony crime of violence and an aggravated felony theft offense. So, the predicate offense under Texas state law underlying both charges was the same: the 2012 robbery. The grounds for removability, however, were different:     first,     8 U.S.C. § 1227(a)(2)(A)(i),     and     next, 8 U.S.C. § 1227(a)(2)(A)(iii).

The question before us is whether the Government's second attempt to remove Cruz Rodriguez, based on a newly available[1] aggravated felony removability charge, was barred by res judicata, given the IJ's ruling on the first removability charge. Under binding precedent, it is clear that it was not.

*Peters v. Ashcroft*, 383 F.3d 302, 305 n.2 (5th Cir. 2004), is instructive. In *Peters*, the petitioner was initially charged with being removable under § 1227(a)(2)(A)(iii) because he had been convicted of an aggravated felony, namely solicitation to transport marijuana. An IJ denied his request for bond, but the BIA reversed the bond ruling, holding that the solicitation offense was

---

[1] The BIA found, and no party disputes, that the charge under § 1227(a)(2)(A)(iii) was a newly available charge. *See Marcos Cruz-Rodriguez*, A088 413 328 at 3 (BIA Sept. 18, 2017).

not an aggravated felony. *Id.* at 304. The Government then retracted the first removability charge but filed a new charge against Peters, claiming that he had committed a controlled substance offense that justified his removal under § 1227(a)(2)(B)(i). *Id.* This second removability charge was based on the same underlying solicitation offense as the first. *Id.* The IJ found Peters removable on this basis, and the BIA affirmed. *Id.*

In his petition for review to this court, Peters maintained that the Government was barred from using the same conviction as the basis for the subsequent removal proceeding. *Id.* at 305 n.2. We rejected the claim and concluded that, even though the two removal proceedings were based on the same underlying criminal conviction, the Government relied on different subsections of § 1227(a)(2); thus, "the BIA's prior decision ha[d] no res judicata effect on the [second] removal proceeding." *Id.*

Similarly, in *Diaz De Leon-Munoz v. Holder*, 395 F. App'x 139, 140 (5th Cir. 2010), relying on *Peters*, we summarily rejected a petitioner's res judicata argument because "'the current removal proceeding pending against [him] is based on a wholly separate provision' than the prior removal proceedings" even though the new removability charge relied on the same conviction. *Id.* (quoting *Peters*, 383 F.3d at 305 n.2).

At bottom, in this context, so long as the Government relied on a different statutory provision the second time around, res judicata is no bar. *See Chavez-Mercado*, 946 F.3d at 276 (reaffirming that "res judicata [is] inapplicable where subsequent removal proceedings were brought under a different statutory provision" and citing to *Peters*, 383 F.3d at 305 n.2) And, here, the Government certainly did as much.

Moreover, in this case, a different "nucleus of operative facts," underlies each removal proceeding. *See id.* at 277. The Government could not have previously charged Cruz Rodriguez as an aggravated felon; thus, the

availability of a new ground of removability was a central fact making res judicata inapplicable. *See* 8 U.S.C. § 1101(a)(43)(F), (G); *see also Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1280 (11th Cir. 2009) (holding that res judicata did not apply because the aggravated felony charge was not available to the Government at the time of the petitioner's first removal proceedings); *Alvear-Velez v. Mukasey*, 540 F.3d 672, 679 (7th Cir. 2008) (finding res judicata inapplicable where "the ground that the immigration authorities now invoke was unavailable to them in the first proceeding").

In light of this authority, we hold that res judicata—more precisely, claim preclusion—did not bar the Government's second charge of removability. *See Chavez-Mercado*, 946 F.3d at 276; *Peters*, 383 F.3d at 305 n.2; *Diaz De Leon-Munoz*, 395 F. App'x at 140. This leaves us with no occasion to overturn the BIA's conclusions.

## III.

We now address the two issues not raised on direct appeal to the BIA—that is, that Cruz Rodriguez was not removable under 8 U.S.C. § 1227(a)(2)(A)(iii) and that the BIA violated his due process rights. Cruz Rodriguez raised these two issues for the first time in a motion to reconsider filed on July 3, 2019, which is still pending before the BIA. Our review here begins and ends with the fact that these issues have yet to be addressed by the BIA.

Our jurisdiction over issues raised in a petition for review of the BIA's decisions turns on whether a petitioner has exhausted all available administrative remedies. 8 U.S.C. § 1252(d)(1); *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004). An issue is exhausted if it was presented to the BIA on direct appeal, in a motion to reopen, or in a motion for reconsideration. *Omari v. Holder*, 562 F.3d 314, 318, 320-21 (5th Cir. 2009). If an issue stems from the BIA's act of decision making, a petitioner must first raise it in a motion

to reopen or reconsider. *Id.* And the goals of the exhaustion requirement would certainly be frustrated if the BIA was not given "the opportunity to address immigration issues in the first instance." *See Omari*, 562 F.3d at 321-22.[2]

To begin, the BIA has not addressed the argument that Cruz Rodriguez was not removable under 8 U.S.C. § 1227(a)(2)(A)(iii) because he was convicted before his status was readjusted. This issue was raised before (and addressed by) the IJ. It was then not raised before the BIA on direct appeal; as a consequence, the BIA did not address it in the final order now before us. Certainly, the issue was raised in a pending motion to reconsider. But, because the BIA has not ruled on that motion, the issue is not yet ripe for disposition, and we lack jurisdiction over it. *Cf. Omari*, 562 F.3d at 322 (emphasizing the "efficient adjudication of immigration claims . . . [by providing] the BIA, the agency with the expertise in immigration matters, with the opportunity *to address immigration issues in the first instance*") (emphasis added).

Similarly, Cruz Rodriguez's due process claim arises out of the BIA's order issued on direct appeal and that order's alleged shortcomings. On direct appeal then—of course—the BIA never had a chance to address the due process claim. Since this constitutional challenge was not raised before the BIA, and the BIA could do something to remedy the alleged injury when

---

[2] Cruz Rodriguez's pending motion to reconsider before the BIA, however, does not affect our jurisdiction to address his res judicata argument. *See Chen v. Ashcroft*, 83 F. App'x 672, 672 (5th Cir. 2003) (declining to hold case in abeyance pending the BIA's ruling on a motion to reopen, as the motion did not affect the finality of the deportation order); *see also Trejo-Robles v. Holder*, 348 F. App'x 982, 983 (5th Cir. 2009) (declining to summarily dismiss a petition for review because a deportation order's "finality is not affected by the subsequent filing of a motion to reconsider" (quoting *Stone v. INS*, 514 U.S. 386, 405 (1995))).

it rules on Cruz Rodriguez's pending motion to reconsider, *see Roy*, 389 F.3d at 137, this issue is not yet ripe for disposition, and we lack jurisdiction to review it, *see Kane v. Holder*, 581 F.3d 231, 239 (5th Cir. 2009) ("We have no jurisdiction to review [certain constitutional] issues raised for the first time in [the petition], which the BIA did not have the opportunity to consider in the first instance.").

## IV.

Based on the foregoing, this petition is DISMISSED IN PART, to the extent it challenges issues that have yet to be addressed by the BIA in the first instance. We otherwise DENY the petition.