# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 18, 2023

Lyle W. Cayce
Clerk

No. 21-60065

Harold Eduardo Miranda-Cruz; Damny Ayalila Castro-Amador; Boris Carlo Miranda-Castro,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent.*

Appeal for Review of an Order of the
Board of Immigration Appeals
BIA Nos. A213 292 536; A213 292 537; A213 292 538

Before Higginbotham, Duncan, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Petitioners are a family of Nicaraguan citizens who, after being ordered removed from the United States *in absentia*, subsequently moved to reopen their removal proceedings. The Board of Immigration Appeals (BIA) adopted the Immigration Judge's (IJ) ruling that Petitioners' motion was

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 21-60065

untimely and not subject to equitable tolling.[1] They now petition for our review. We review the BIA's decision under a "highly deferential abuse-of-discretion standard" and must affirm it "as long as [the decision] is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Flores-Moreno v. Barr*, 971 F.3d 541, 544 (5th Cir. 2020) (citation omitted). We review the IJ's decision to the extent it influenced the BIA's ruling. *Cardona-Franco v. Garland*, 35 F.4th 359, 363 (5th Cir. 2022) (citing *Qorane v. Barr*, 919 F.3d 904, 909 n.1 (5th Cir. 2019)).

Petitioners, now joined by the Government,[2] argue the BIA and IJ abused their discretion in denying equitable tolling. Having studied the briefs and the record, as well as hearing oral argument, we deny the petition for review.

Petitioners first argue that they faced extraordinary circumstances justifying equitable tolling because, after first unlawfully entering the United States in 2019, they were required by then-existing immigration policy to return to Mexico to await their removal hearing. *See Biden v. Texas*, 142 S. Ct. 2528, 2535 (2022) (discussing "Migrant Protection Protocols"); 8 U.S.C. § 1225(b)(2)(C). We lack jurisdiction to consider this argument because Petitioners failed to exhaust it before the BIA. *See Cruz Rodriguez v. Garland*, 993 F.3d 340, 345 (5th Cir. 2021) (citing 8 U.S.C. § 1252(d)(1); *Roy v.*

---

[1] *See* 8 U.S.C. § 1229a(b)(5)(C)(i), (c)(7)(C)(iii) (*in absentia* removal order may be rescinded only upon motion to reopen filed within 180 days, provided alien shows failure to appear was due to "exceptional circumstances"); *Eneugwu v. Garland*, --- F.4th ---, 2022 WL 17351907, at *2–3 (5th Cir. Dec. 1, 2022) (equitable tolling requires an alien to show he was "pursuing his rights diligently" and an "extraordinary circumstance . . . prevented timely filing" (quoting *Lugo-Resendez v. Lynch*, 831 F.3d 337, 344 (5th Cir. 2016))).

[2] The Government previously opposed Petitioners' motion to reopen before the BIA and the IJ but has now changed its position.

No. 21-60065

*Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004)). Even had they exhausted the issue, Petitioners cite no authority for the proposition that complying with federal immigration policy can constitute extraordinary circumstances for equitable tolling purposes. *Cf. Pena-Lopez v. Garland*, 33 F.4th 798, 807 (5th Cir. 2022) (concluding the "usual hardships of a relocation" do not present "extraordinary circumstance[s]").

Second, Petitioners claim that, on the day of their scheduled removal hearing in September 2019, they were kidnapped by a Mexican drug cartel, held for ransom, and released after 15 days. The IJ found no evidence to substantiate the kidnapping. But, even assuming the kidnapping occurred, as both the BIA and the IJ pointed out, Petitioners would still have had 165 days following their release to timely file a motion to reopen, but failed to do so. We see no basis to disagree with the BIA's and IJ's reasoning, much less to find an abuse of discretion.

Finally, Petitioners contend they were prevented from timely filing because, after they again unlawfully entered the United States in 2020, they were detained by the Department of Homeland Security. This detention could not have justified Petitioners' untimely filing, however. Their deadline for moving to reopen expired on March 24, 2020. As the BIA pointed out, Petitioners did not decide to return to the United States until that same month and, before that, the lead Petitioner was employed in Mexico. Moreover, Petitioner's affidavit suggests the family did not reenter the United States until March 25, 2020—*after* the filing deadline had expired. So, we see no abuse of discretion in the BIA's ruling.[3]

---

[3] The Government argues Petitioners diligently pursued their rights by attempting to contact U.S. immigration officials following the alleged kidnapping. But the IJ found no evidence of this, nor do Petitioners themselves raise the point on appeal. We therefore do

3

No. 21-60065

PETITION DENIED.

---

not address it. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) (a party forfeits an argument by failing to brief it on appeal).