# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-60571
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
October 18, 2023

Lyle W. Cayce
Clerk

Alfonso Recendiz-Fernandez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A200 594 703

---

Before Dennis, Elrod, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Alfonso Recendiz-Fernandez, a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals ("BIA") dismissing his appeal and affirming the Immigration Judge's ("IJ") holding that he was ineligible for cancellation of removal.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60571

This court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). The BIA's factual findings are reviewed for substantial evidence, and its legal conclusions are reviewed *de novo. Id.* at 517-18.

First, Recendiz-Fernandez argues that the BIA erred in affirming the IJ's finding that he was ineligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1) because he had failed to show that his removal would result in "exceptional and extremely unusual hardship" to his children, who are U.S. citizens. However, we have recently held that the hardship determination for purposes of cancellation of removal "is a discretionary and authoritative decision" which we lack jurisdiction to review under 8 U.S.C. § 1252(a)(2)(B)(i). *Castillo-Gutierrez v. Garland*, 43 F.4th 477, 481 (5th Cir. 2022). While Recendiz-Fernandez contends that this holding was incorrect, we are bound by it under our rule of orderliness. *See United States v. Lipscomb*, 299 F.3d 303, 313 & n.34 (5th Cir. 2002).

Second, Recendiz-Fernandez argues that his Notice to Appear ("NTA") did not contain the time and date of removal proceedings, as required by 8 U.S.C. § 1229(a)(1). Since § 1229(a)(1) is a claim-processing rule, rather than a jurisdictional requirement, an NTA is sufficient to commence proceedings even if it fails to include date and time information. *See, e.g.*, *Maniar v. Garland*, 998 F.3d 235, 242 & n.2 (5th Cir. 2021); *Pierre-Paul v. Barr*, 930 F.3d 684, 693 (5th Cir. 2019), *abrogated on other grounds by Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021). As a claim-processing rule, violations of § 1229(a)(1), including noncompliant notices, are subject to waiver and forfeiture. *Pierre-Paul*, 930 F.3d at 693. As argued by the Government, Recendiz-Fernandez forfeited this argument by failing to timely raise it below. *See id.*

Lastly, Recendiz-Fernandez renews his request—that a member of our court has already denied—to place these proceedings in abeyance pending disposition of his motion to reopen before the BIA, in which he argues that counsel rendered ineffective assistance. "The BIA's denial of an appeal and its denial of a motion to reconsider are two separate final orders, each of which require their own petitions for review." *Guevera v. Gonzales*, 450 F.3d 173, 176 (5th Cir. 2006) (quoting *Jaquez-Vega v. Gonzales*, 140 F. App'x 547 (5th Cir. 2005) (unpublished)). This same principle applies to motions to reopen. *Diaz-Diaz v. Garland*, 846 F. App'x 281, 282 (5th Cir. 2021) (unpublished). The propriety of the BIA's disposition of the motion to reopen should be litigated after the BIA rules upon that motion, a ruling which will not affect these proceedings. We, therefore, decline to place these proceedings in abeyance. *See Chen v. Ashcroft*, 83 F. App'x 672, 672 (5th Cir. 2003) (unpublished) (declining to hold a case in abeyance because the "the motion to reopen d[id] not affect the finality of the deportation order" then currently on review).

The petition for review is DISMISSED in part and DENIED in part.